HERNÁNDEZ, DEMANDANTE Y APELANTE, *v.* ARÁN ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un caso sobre nulidad de venta de una finca en cobro de contribuciones.

No. 1021.—Resuelto en enero 22, 1914.

COSA JUZGADA—ACCIÓN DE NULIDAD DE VENTA DE FINCA EN COBRO DE CONTRIBU-CIONES—IDENTIDAD DE COSA, CAUSA Y PARTES.—El demandante en este caso

solicita la nulidad de la venta de una finca en cobro de contribuciones adju-
dicada a los demandados. La nulidad de esta venta fué anteriormente
planteada por este mismo apelante en otra acción en que él y los apelados
eran demandados y la corte sentenciadora resolvió en contra de él dicha
cuestión, cuya sentencia fué confirmada por este tribunal en junio 26, 1902.
Parte de los autos de dicho pleito fueron presentados como prueba por los
apelados para sostener la defensa de cosa juzgada que habían alegado:
se resolvió que entre la presente acción y la anterior existía la más perfecta
identidad de cosas, causas y partes, y por tanto se declaró bien fundada
la defensa de cosa juzgada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Méndez Vaz.*

Abogado del apelado Manuel Arán: *Sr. José Benet.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso fué presentada la demanda el día 9 de octubre,
1911, alegándose sustancialmente en la misma que una finca
rústica de 130 cuerdas de terreno, sita en el barrio de Indiera
Baja de Maricao, e inscrita en el registro a nombre de Ino-
cencia Cuascú y Montaz, Manuel Arán Cuascú, y Agripina
Arán Cuascú, fué embargada por Francisco Rivera, colector
de rentas internas de Maricao, y vendida en 14 de octubre
de 1907, en subasta pública a la demandada Alejandrina
Blanco, por la suma de $600, que fué la mejor oferta que se
obtuvo. Se alegó que el embargo de esta finca para el pago
de contribuciones así como la venta de la misma en pública
subasta, se hizo sin cumplir el colector de rentas internas
los requisitos de ley, de una manera ilegal y obrando de
acuerdo con y en conspiración con Alejandrina Blanco y Ra-
mírez, Emilio Arán Cuascú, su esposo, y los demás condueños
de la finca; y se pidió en la súplica de la demanda, que se
declarara nulo y sin ningún valor ni efecto legal el procedi-
miento de embargo seguido por El Pueblo de Puerto Rico
contra el contribuyente moroso Manuel Arán para cobro de
contribuciones; que el embargo, subasta y venta de la finca
de 130 cuerdas para pago de $141.58, embargada y vendida
por el colector en subasta pública, se declararan nulos y sin
ningún valor, y nulo también el certificado de venta de la
ameritada finca, expedido por dicho colector, ordenándose

la cancelación de inscripción en el Registro de la Propiedad de San Germán.

Los demandados contestaron dicha demanda haciendo una negación de los hechos esenciales de la misma, presentando también como materia nueva de oposición la defensa de *cosa juzgada* y otras más sobre la materia, así como también la de prescripción.

La corte sentenciadora llegó a la conclusión de que el demandante no probó ninguno de los hechos alegados en su demanda dejando de probar en absoluto la conspiración y declarando en términos más precisos, que la defensa sobre *cosa juzgada* había quedado ampliamente justificada.

Con el objeto de probar su alegación de *cosa juzgada,* los demandados presentaron como prueba en el juicio de este caso, la demanda, contestación, opinión y sentencia obrantes en el pleito No. 2967 de la Corte de Distrito de Mayagüez, del año 1910, seguido por Alejandrina Blanco contra Agustín Hernández Mena, que es el demandante y apelante en esta acción, y contra Manuel, Francisco, Agripina Clotilde y Emilio Arán y Cuascú, sobre acción real de inmueble, nulidad y cancelación de hipoteca.

En la demanda de dicho caso No. 2967, Alejandrina Blanco, que entonces era la demandante, alegó entre otras cosas como hechos esenciales de la misma, los siguientes: Que la demandante Alejandrina Blanco, era dueña en propiedad y dominio y estaba en posesión de una finca o estancia situada en el barrio de Indiera Baja de Maricao, compuesta de 130 cuerdas, que se describen en dicha demanda por extenso; que dicha finca la hubo la demandante Alejandrina Blanco por compra en subasta pública por contribuciones al Pueblo de Puerto Rico, el día 14 de octubre de 1907, ante el colector de rentas internas de Maricao, Francisco Rivera, y que dicha finca aparece inscrita al folio 193 del tomo 16 del Registro de la Propiedad de San Germán, a nombre de Manuel Arán, Agripina Clotilde Arán Cuascú, e Inocencia Cuascú y Montaz, que eran los dueños anteriores de dicho inmueble; que con ante-

rioridad a la fecha de la venta en subasta pública por contribuciones de la finca en cuestión, estaba ésta inscrita en el registro de la propiedad a nombre de sus dueños, en la siguiente forma: Manuel Arán, un condominio por la suma de $4,695.75; Clotilde Arán, un condominio por la suma de $1,776.50; Inocencia Cuascú, un condominio por la suma de $3,827.75, que hace el total de $10,300, valor de la misma.

Que por escritura pública de 11 de diciembre de 1902, el copartícipe Manuel Arán, hipotecó su condominio citado a favor de la otra co-partícipe Inocencia Cuascú, por la suma de $2,817.45 cuya hipoteca fué inscrita en el registro de la propiedad a favor de la acreedora Inocencia Cuascú; que asimismo la otra copartícipe hipotecó su condominio a favor de la misma Inocencia Cuascú, por escritura de 11 de diciembre de 1902, asegurando un crédito de $2,200, cuya hipoteca también fué inscrita en el registro de la propiedad a favor de la referida Inocencia Cuascú.

Y en el párrafo quinto de la demanda se dice lo siguiente:

"Que al embargar El Pueblo de Puerto Rico y al anunciarse la venta en subasta por contribuciones de la finca en totalidad, que comprendía los tres condominios y sus dos hipotecas, el colector de rentas internas de Maricao notificó debidamente a sus dueños Manuel Arán, Clotilde Arán e Inocencia Cuascú, y a esta última, además, como acreedora hipotecaria, de la falta de pago de las contribuciones totales, del embargo, y de la venta de la finca mencionada en el apartado primero de esta demanda, y dichos dueños y acreedora hipotecaria no satisficieron dichas contribuciones adeudadas, ni rescataron ni redimieron la finca en cuestión, ni ninguno de sus condominios dentro del término de 180 días posteriores a la venta y adjudicación a la demandante, ni en ningún tiempo después, quedando la finca en totalidad de la sola propiedad de esta demandante, libre de cargas y gravámenes y anuladas así las hipotecas mencionadas en los apartados tercero y cuarto de esta demanda por ministerio de la ley."

Y en la súplica de dicha demanda, en el pleito No. 2967, se solicitó que la corte declarara que la demandante Alejandrina Blanco, era desde el día 14 de octubre de 1907, la única

dueña en propiedad y dominio de la finca descrita en el apar-
tado primero de la demanda, y que fuera declarada de tal
modo libre de cargas y gravámenes anteriores; que los cré-
ditos hipotecarios mencionados en los apartados tercero y
cuarto comprados por el demandado Agustín Hernández
Mena, se declaren nulos y sin ningún valor y que no afectan en
forma alguna al derecho de tal demandante en el inmueble ob-
jeto de dicha acción; que la venta efectuada por el demandado
Agustín Hernández Mena en dicho pleito del condominio
mencionado en el apartado segundo y que una vez pertenecía
a Inocencia Cuascú, debe asimismo ser declarada nula y sin
ningún valor por haber perdido ella y sus herederos con ante-
rioridad a su compra, todo el derecho, título e interés que
tenían sobre el mismo; que la corte debía ordenar la can-
celación de las inscripciones hechas a favor del citado Her-
nández Mena de los créditos hipotecarios mencionados en
el Registro de la Propiedad de San Germán, y asimismo la
cancelación de la inscripción hecha a favor de Hernández
del condominio antes citado, ordenándose a dicho registrador
la inscripción definitiva del inmueble objeto de este pleito
a nombre de la demandante Alejandrina Blanco, libre de
cargas y gravámenes, con costas al demandado.

Que la demanda en dicho caso No. 2967 fué contestada
oportunamente por Agustín Hernández Mena negando espe-
cíficamente todos los hechos esenciales de dicha demanda, ale-
gando además en su materia nueva y como constitutivo de
oposición a la demanda, lo siguiente:

"VIII. Que tanto la venta de la finca rústica como el certificado
de la misma que aparece expedido por el colector de rentas internas
de Maricao, Francisco Rivera, en 14 de octubre de 1907, adolecen
del vicio de nulidad y son nulos y no tienen valor ni eficacia legal
alguna, porque son falsos y simulados, pues la citada venta no fué
hecha ni consumada en el acto de la subasta señalada para el día 14
de octubre, celebrada en el local designado por dicho colector en el
pueblo de Maricao, ni en dicho acto hizo oferta alguna la demandante
por la finca mencionada, ni ninguna otra persona de las que figuran

y consta que hicieron oferta, en el acto de la subasta, según el expediente de embargo No. 16146–35591, ni tampoco por alguna de las demás personas presentes al acto.''

La Corte de Distrito de Mayagüez en su opinión de 25 de febrero de 1911, resolviendo dicho pleito No. 2967, dice en su parte pertinente de la opinión lo que sigue:

''Conclusiones legales: El condominio de $4,695.75 pertenece a la demandante Alejandrina Blanco porque fué debidamente adquirido por ella y su adquisición ha sido inscrita en el registro de la propiedad.

''El condominio de $1,776.50 pertenece a la demandante Alejandrina Blanco, porque lo adquirió en la subasta de la finca por falta de pago de contribuciones, en 14 de octubre de 1907.

''La hipoteca de $2,817.45 que gravaba el condominio de $4,695.75 está extinguida porque fué extinguida por efecto de la subasta de la finca por falta de pago de contribuciones, que tuvo lugar en 14 de octubre de 1907.

''La hipoteca de $2,200 que gravaba el condominio de $1,776.50 está extinguida en cuanto se refiere a dicho condominio, porque fué extinguida por efecto de la subasta de la finca por falta de pago de contribuciones, celebrada en 14 de octubre de 1907.''

La sentencia dictada por dicha corte de distrito en febrero 25 de 1911, en el referido pleito No. 2967, de acuerdo con la opinión en que se funda, contiene los siguientes pronunciamientos:

''(a) Declaró que los condominios de $4,695.75 y $1,776.50 en la finca descrita en la demanda son de la exclusiva propiedad de la demandante Alejandrina Blanco, ordenando su inscripción en el registro de la propiedad a nombre de Alejandrina Blanco y ordenando la cancelación de cualquiera inscripción o anotación a favor de Agustín Hernández Mena y Clotilde Arán, o de Manuel Arán sobre dichos condominios.

''(c) Declaró que las hipotecas de 11 de diciembre de 1902, por $2,817.45, sobre el condominio de $4,695.75, y la de $2,200, en cuanto la misma afecta al condominio de $1,776.50, deben cancelarse ordenándose su cancelación en el registro de la propiedad.''

También en esta sentencia se hizo un pronunciamiento a

favor de Hernández Mena, habiéndose interpuesto apelación contra toda la sentencia para ante esta Corte Suprema, que en 26 de junio, 1912, confirmó la sentencia apelada en todas sus partes. *Blanco* v. *Hernández et al.,* 18 D. P. R., 711.

Después de haber citado la corte inferior sustancialmente los hechos anteriores llegó a la conclusión de que la demanda y contestación en el pleito número 2967, y en la demanda y contestación del caso que entonces estaba ante dicha corte, o sea el número 3379, concurría la más perfecta identidad entre las cosas, las causas, las personas de los litigantes; sustentando nosotros igual opinión.

Al comparecer Hernández Mena ante la corte a virtud del pleito número 2967 trató de defenderse de las alegaciones que hizo Alejandrina Blanco, alegando que la venta en pública subasta para cobro de contribuciones que se le hizo era nula y sin ningún valor, habiendo la corte resuelto la cuestión en contra de dicho Hernández Mena.

En este pleito se trata, aunque variando algo las alegaciones, de reivindicar dicha finca, fundándose en la nulidad de tales ventas. Y no importa como expresa en su alegato que no fuera posible en el pleito anterior haber solicitado la nulidad de la venta por no poder dicho Hernández hacer parte al colector Rivera, pues es evidente que si se hubiera considerado válida la defensa que en aquel pleito hizo Hernández Mena, ella hubiera puesto término a la acción seguida por Alejandrina Blanco. El interés que tenía Rivera en dicha finca terminó al proceder a su venta. Además, él no era sino un simple mandatario del gobierno y no tenía interés alguno en dicha propiedad.

Estimando, como estimamos, que la defensa de *cosa juzgada* estuvo bien fundada, no vemos que sea necesario considerar las demás cuestiones referentes a la supuesta nulidad de dicha venta, así como tampoco la defensa de prescripción, debiendo confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.