Vega et al., Demandantes y Apelantes, *v.* Rodríguez et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Arecibo en un caso sobre nulidad de expediente posesorio y otros extremos.

No. 1081.—Resuelto en julio 31, 1914.

Cosa Juzgada—Identidad de Personas, Cosas y Acciones.—De acuerdo con el artículo 1219 del Código Civil en relación con los artículos 59, 60 y 61 de la Ley de Evidencia de marzo 9, 1905, para que exista la presunción de cosa juzgada entre dos pleitos es necesario que haya identidad de cosas, causas y personas litigantes.

Id.—Sentencia Fundada en que una Demanda es Ininteligible y Dudosa.—Aún en el supuesto de que exista la identidad de causas, cosas y personas entre dos pleitos, no produce el efecto de cosa juzgada la sentencia que se dicta fundada en una resolución declarando con lugar la excepción previa contra la demanda por el fundamento de que ésta es ininteligible y dudosa, siendo éste el único punto resuelto por dicha resolución y que puede considerarse como cosa juzgada.

Id.—Resolución Fundada en que la Demanda es Ininteligible y Dudosa—Subsanación de Dicho Defecto.—Cuando una sentencia se funda en una resolución que declara con lugar una excepción previa por ser la demanda ininteligible y dudosa sin haberse resuelto que la primitiva demanda no aducía hechos bastantes para determinar una causa de acción, puede subsanarse el defecto y presentarse nueva demanda alegando nuevamente los mismos hechos y subsanando el defecto de que adolecía la primera.

Sentencia Fundada en una Excepción Previa a la Demanda—Casos en que Produce el Efecto de Cosa Juzgada.—Para determinar si una sentencia definitiva dictada en virtud de excepción previa a la demanda produce el efecto de cosa juzgada es necesario tener en cuenta si la excepción previa iba dirigida a los méritos de la acción y si la causa de acción es la misma, pues, faltando cualquiera de esos requisitos, la sentencia no constituye cosa juzgada.

Acción Reivindicatoria—Descripción de la Finca—Posesión del Demandado.—En un pleito sobre reivindicación no basta describir la finca que se trata de reivindicar, sino que es necesario probar además que esa finca está en poder del demandado, cuyo extremo no se ha probado en el presente caso.

Id.—Posesión del Demandado—Presunción.—De acuerdo con el artículo 450 del Código Civil el poseedor en concepto de dueño tiene a su favor la presunción legal de que posee con justo título y no se le puede obligar a exhibirlo.

Id.—Bienes Hereditarios—Partición y Adjudicación de los Bienes Hereditarios.—El procedimiento adecuado para obtener la participación hereditaria

que a alguien corresponda en los bienes del causante por fallecimiento testado o intestado del mismo es el establecido por la Ley de Procedimientos Legales Especiales de 1905.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Juan de Guzmán Benítez.*

Abogado de las apeladas Telesfora y Petrona Rodríguez: *Sr. José Martínez Dávila.*

Abogado del apelado Nathaniel P. Tyler: *Sr. H. H. Scoville.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto contra sentencia que en 14 de febrero del año 1913 dictó·la Corte de Distrito de Arecibo declarando sin lugar la demanda en todas sus partes, con las costas y gastos a cargo de los demandantes.

En dicha demanda, después de consignar los demandantes varios hechos tendentes a mostrar que ellos en unión de los demandados, con exclusión de Nathaniel P. Tyler, son los causahabientes de los consortes Miguel Vega y Pino y Manuela Marrero, fallecida ésta en 23 de agosto de 1839 y aquél el 1°. de enero de 1851, alegan que por escritura pública de 29 de septiembre de 1836 adquirió Miguel Vega y Pino, estando casado en primeras nupcias con Manuela Marrero, cierta finca rústica que se describe en la demanda, consistente de una caballería de terreno más o menos en el barrio de Sábana Seca, hoy llamado del Coto, del término municipal de Manatí; que fallecida primeramente Manuela Marrero y más tarde Miguel Vega y Pino, quedó el albacea testamentario nombrado por éste, o sea José María Vega y Pino, al cuidado de dicha finca; que habiendo fallecido algunos años después el referido albacea, las demandadas Telesfora y Petrona Rodríguez y Vega, en su carácter de copropietarias y miembros de la comunidad de bienes de los herederos de Miguel Vega y Pino y de su esposa Manuela Marrero, estuvieron poseyendo y la Telesfora cultivando y explotando en beneficio propio y exclusivo de ella, la finca en cuestión, sin entregar a los

demás condueños la parte que les correspondía en el capital
y en los productos; que la demandada Telesfora Rodríguez
Vega, puesta de acuerdo con el demandado Nathaniel P. Ty-
ler y con el fin de traspasar a éste cien cuerdas de terreno
que también se describen en la demanda, de las 200 que cons-
tituían la finca de que se trata, promovió ante la Corte Muni-
cipal de Manatí un expediente a su solo nombre para acre-
ditar la posesión en que estaba de aquellas cien cuerdas desde
hacía ocho años por herencia de su abuelo Miguel Vega, cuyo
expediente fué aprobado por aquella corte municipal con fecha
18 de octubre de 1906, sin perjuicio de tercero, habiendo sido
inscrito ese derecho posesorio a favor de la Telesfera Rodrí-
guez Vega en el Registro de la Propiedad de Arecibo; que
por escritura pública de 3 de abril de 1907, la misma Teles-
fora Rodríguez vendió las 100 cuerdas de terreno a que se
refiere el expediente posesorio, al demandado Nathaniel P.
Tyler, e inscribió su derecho de posesión en el registro de
la propiedad, sabiendo que la vendedora no era dueña del
terreno; que Telesfora Rodríguez Vega ha seguido y sigue
detentando el resto de la finca, o sea, otras 100 cuerdas de
terreno que también se describen en la demanda, aprovechán-
dose de sus productos contra la voluntad de los demás con-
dueños, y que desde el año 1898 la finca ha producido en bene-
ficio exclusivo de Telesfora Rodríguez, una ganancia líquida
que no baja de $4,200 de los que corresponden, $1,800 a las
100 cuerdas vendidas al demandado Nathaniel P. Tyler,
hasta la fecha de la venta, y $2,400 al resto de la primitiva
finca que conserva la demandada Telesfora Rodríguez, mien-
tras que las 100 cuerdas compradas por Tyler, quien las está
explotando desde el año 1907, aunque a sabiendas de que no
le pertenecen en propiedad, le han producido más de $1,000
anuales, o sea no menos de $3,500.

La demanda concluye con la súplica de que se dicte sen-
tencia que contenga los siguientes pronunciamientos:

*Primero.* Que la finca descrita en la demanda, tanto la
parte que detenta Telesfora Rodríguez como la que actual-

mente posee el demandado Nathaniel P. Tyler con cuanto contiene, es de la propiedad única y, exclusiva de la comunidad de bienes que forman los herederos y causahabientes de los consortes Miguel Vega y Pino y Manuela Marrero, o sea de todos los que figuran en la demanda, demandantes y demandados, con excepción de Nathaniel P. Tyler, en la proporción que les resulta de sus respectivos derechos hereditarios, ordenando se hagan en el Registro de la Propiedad de Arecibo las inscripciones necesarias para que allí se determinen esos derechos.

*Segundo.* Que son nulos el expediente posesorio instruído por la demandada Telesfora Rodríguez Vega, la inscripción del mismo en el Registro de la Propiedad de Arecibo, la escritura de venta a favor de Nathaniel P. Tyler, y también su inscripción en dicho registro, ordenando que ambas inscripciones sean totalmente canceladas.

*Tercero.* Que tanto las 100 cuerdas que posee el demandado Nathaniel P. Tyler, como las restantes de la finca, que posee la demandada Telesfora Rodríguez y Vega con todo lo que contienen sean entregadas a la comunidad de los actuales herederos y causahabientes de los esposos Miguel Vega y Pino y Manuela Marrero en su carácter de únicos dueños de ellas.

*Cuarto.* Que los demandados Telesfora Rodríguez y Vega y Nathaniel P. Tyler indemnicen, la primera con la cantidad de $4,200, y el segundo con la de $3,500 o con las cantidades que en justicia procedan, a los herederos y causahabientes de Miguel Vega y Pino y Manuela Marrero, por los perjuicios que éstos han sufrido y productos que han dejado de percibir.

*Quinto.* Que se condene en costas a los demandados que se opongan a lo que se pide en la demanda.

Las demandadas Telesfora Rodríguez y Petrona Rodríguez Vega contestaron la demanda negando todos los hechos y alegando como defensa la excepción de *res judicata,* por existir identidad de personas, cosas y causas en este pleito y

otro fallado por la Corte de Distrito de Arecibo en 15 de julio de 1910, cuya sentencia en grado de apelación fué confirmada por esta Corte Suprema en 16 de marzo de 1911.

Es de notar que en la contestación se consigna como alegación la que literalmente transcribimos:

"Que las demandadas no poseen ni han poseído finca que pertenezca a los demandantes, y las que poseen es por herencia de su abuelo Miguel Vega, además alega que en caso de que éste como ellas hubieran estado en posesión de finca propiedad de los demandantes, este derecho a ellas hubiera prescrito."

También el demandado Nathaniel P. Tyler contestó la demanda negando todos los hechos que la fundamentan y además de la excepción o defensa de cosa juzgada alegó la de adquisición del dominio por prescripción bajo el artículo 1858 del Código Civil y la de extinción de la acción reivindicatoria por prescripción con arreglo al artículo 1860 del mismo Código.

Tres de los demandantes, a saber, Jacobo Jaime Menéndez Rodríguez, Manuel Menéndez y Fernando Hilarión Medina y Rodríguez desistieron de la acción y la corte los tuvo por desistidos. Los demandados Federico Calaf y Rivera y Francisco Casellas y González, citados personalmente, no comparecieron en el pleito y les fué acusada y anotada la rebeldía.

Celebrado el juicio la corte dictó sentencia en los términos que dejamos ya indicados.

De las pruebas practicadas en el juicio resulta que con fecha 1°. de abril de 1909 los hoy demandantes radicaron en la Corte de Distrito de Arecibo una demanda enmendada contra los también hoy demandados, sobre división y entrega de bienes hereditarios, rescisión de ventas y nulidad de inscripciones, alegándose como hechos fundamentales de la acción los mismos que sirven de base a la demanda originaria del presente juicio, si bien los hechos relativos a fijar el carácter de causahabientes de los demandantes con relacion a sus

causantes los consortes Miguel Vega y Pino y Manuela Marrero, no se redactaron en la misma forma.

A dicha demanda enmendada opusieron los demandados como excepciones previas la de que la demanda no aduce hechos suficientes para determinar una causa de acción, y la de que es ininteligible y dudosa, sobre cuyas excepciones dictó la corte resolución que copiada a la letra dice así:

"Respecto a la primera excepción se observa que si bien en el hecho séptimo refiriéndose a las transmisiones intestadas de herencia, dice la demanda, 'cuyas declaratorias serán presentadas oportunamente,' esto es muy vago, pues el juez no puede saber si con ello quiere decirse, que se presentarán a la corte las peticiones de declaratorias de herederos durante la tramitación de este litigio, o si quiere expresarse que se acreditará con los respectivos autos de declaratorias el haber sido declarados herederos los interesados.

"En el primer caso, procedería considerarse con lugar esta primera excepción, y en el segundo caso no; por tanto, lo que en realidad puede afirmarse es que existe una duda, respecto a lo que quiere decir el demandante.

"La segunda excepción aprecia la corte que está ajustada a derecho, y por tanto se declara con lugar. Arecibo, mayo 10 de 1910. Firmado. Ramón Quiñones, juez."

Los mismos demandados con excepción de Don Federico Calaf presentaron moción a la corte dos meses después, o sea en 15 de julio de 1910 en que, invocando la resolución de que se deja hecho mérito y el hecho de que los demandantes no habían enmendado la demanda ni solicitado permiso para enmendarla a pesar del tiempo transcurrido, suplicaron a la Corte dictara sentencia definitiva en el caso a favor de los demandados o decretara el sobreseimiento y archivo del caso con las costas a los demandantes, a cuya moción recayó sentencia en 15 de julio de 1910 que dice así:

"Vista la moción presentada por el abogado José C. Rodríguez Cebollero, a nombre de los demandados, a excepción de D. Federico Calaf, solicitando se dicte sentencia definitiva en este caso a favor de los demandados por hacer más de dos meses que fueron resuel-

tas las excepciones previas sin que los demandantes hayan enmendado la demanda, ni solicitado permiso para enmendarla.

"Fallo: Que los hechos y el derecho están a favor de los demandados, y por tanto se declara sin lugar la demanda, con imposición de costas a los demandantes. Arecibo, julio 15 de 1910. Firmado, Ramón Quiñones, juez."

Apelada esta sentencia fué confirmada por la que, resolviendo el recurso dictó esta Corte Suprema en 6 de marzo de 1911, 17 D. P. R., 251.

Las partes representadas en el juicio convinieron en que son los mismos los demandantes y demandados que figuran en ambos pleitos con excepción de Tulio Rodríguez y Marín que no figuraba en la primitiva demanda, conviniendo también en que era idéntica la finca litigiosa en uno y otro pleito.

Bajo la base de que hay identidad de personas, cosas y causas de acción entre ambos pleitos, veamos si la sentencia dictada con fecha 15 de julio de 1910 por la Corte de Distrito de Arecibo produjo excepción de cosa juzgada en el segundo pleito que es el presente.

El artículo 1219 del Código Civil dice así:

"    *    *    *

"Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquel en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron."

*    *    *    *    *    *    *

El artículo 101 de la Ley de Evidencia de 1905, en la parte atinente dice así:

"Artículo 101.—Las siguientes presunciones se estiman concluyentes, con exclusión de todas las demás:

*    *    *    *    *    *    *

"6. La sentencia o decreto de un tribunal en los casos en que este código lo declare concluyente; pero dicha sentencia o decreto deberá alegarse en los autos, si hubiere oportunidad para ello; si no la hubiere, la sentencia o decreto podrá utilizarse como evidencia."

Son también atinentes a la defensa de cosa juzgada, los artículos 59, 60, 61 y 62 de la misma Ley de Evidencia que transcribimos a continuación:

"Artículo 59.—El efecto de una sentencia o decreto definitivo en una acción, o un procedimiento especial, ante un tribunal o juez de Puerto Rico o de los Estados Unidos, con jurisdicción para pronunciar sentencia o decreto, es como sigue:

"1. En caso de una sentencia o decreto contra una cosa específica, o con respecto a la prueba de un testamento, o la administración de los bienes de un finado, o con referencia a la condición o relación personal, política o legal, de determinada persona, la sentencia o decreto será concluyente, en cuanto al título a la cosa, o el testamento, administración, o condición o relación de la persona.

"2. En los demás casos, el fallo o decreto, en cuanto a la materia directamente juzgada, será concluyente entre las partes y sus sucesores en interés por título adquirido posteriormente al comienzo de la acción, o del procedimiento especial, las cuales estuvieren litigando por la misma cosa, bajo el mismo título, y en el mismo carácter, siempre que tuvieren noticia expresa o tácita de estarse substanciando la acción o procedimiento.

"Artículo 60.—Otros decretos judiciales de un tribunal o juez de Puerto Rico, o de los Estados Unidos, crean una presunción controvertible, según la materia determinada, directamente, entre las mismas partes y sus representantes y sucesores en interés por título adquirido con posterioridad al comienzo de la acción o del procedimiento especial, las cuales estuvieren litigando por la misma cosa, bajo el mismo título y en el mismo carácter.

"Artículo 61. Las partes se considerarán ser las mismas, cuando aquellas entre las cuales fuere ofrecida la evidencia, se hallaban en opuestos lados en el litigio anterior, aunque otras partes hubieren estado unidas a ambas o a cualquiera de las dos.

"Artículo 62.—Sólo se estimará como resuelto en una sentencia anterior, lo que por su propia naturaleza apareciere haberlo sido en ella, o que real y necesariamente hubiere de incluirse en la misma o le fuere imprescindible."

Ahora bien, el artículo 59 de la Ley de Evidencia que dejamos transcrito es equivalente al 1908 del Código de Enjuiciamiento Civil de California, e interpretando ese artículo la

Corte Suprema de dicho Estado ha establecido la siguiente doctrina:

"Para determinar si una sentencia definitiva a favor de un demandado dictada en virtud de excepción previa a la demanda, puede ser alegada como cosa juzgada en un pleito posterior entre las mismas partes, hay que tener en cuenta dos cuestiones: 1, si la excepción previa iba dirigida a los méritos de la acción; y 2, si la causa de acción es la misma. Si falta cualquiera de estos dos requisitos la sentencia dictada en virtud de la excepción previa no constituye cosa juzgada."

*Terry* v. *Hammonds,* 47 Cal., 35.

El mismo tribunal en el caso de *City of Los Angeles* v. *Mellus et al.,* 59 Cal., 452, ha dicho lo siguiente:

"¿Son las dos demandas sustancialmente iguales, y constituye la sentencia definitiva dictada sobre una excepción previa a la primera demanda cosa juzgada en la segunda acción. Somos de opinión que las demandas no son iguales y que la sentencia no produjo cosa juzgada. Dice Mr. Freeman en su obra sobre *judgments,* sección 267, que 'una sentencia fundada en una excepción previa a la demanda es concluyente en cuanto a todo lo que necesariamente haya sido resuelto por dicha sentencia. Si la corte decide que el demandante no ha alegado hechos suficientes que constituyan una causa de acción o que su demanda es por cualquier otra razón suceptible de cualquier otra objeción que pueda alegarse, tal resolución no abarcará ninguna cuestión que no haya sido presentada ante el tribunal en el acto de la vista de la excepción previa. El demandante queda en libertad de presentar su demanda en otra acción enmendada en la forma o en el fondo, para que no pueda ser atacada por los fundamentos en que lo fué en la primera acción.' En el mismo sentido se pronuncia la sentencia de la Corte Suprema de los Estados Unidos en el caso de *Gilman* v. *Rives,* 10 Pet. 301, en donde el Juez Asociado Sr. Story al emitir la opinión del tribunal dijo: 'Puede objetarse que la sentencia fundada en la excepción previa general alegada en este caso constituirá cosa juzgada en cualquiera otra acción establecida contra el demandado actual por la misma deuda o contra él y los otros deudores por sentencia. Nosotros somos de distinta opinión en ambos puntos si la demanda está bien redactada; pues

una sentencia fundada en que la demanda es defectuosa en su esencia (lo cual y no la forma es lo que constituye el fundamento de una excepción previa general) nunca puede ser alegada como cosa juzgada contra una demanda suficiente por la misma causa de acción. La sentencia de ningún modo constituye una sentencia sobre los méritos. Si faltara alguna autoridad en apoyo de esta doctrina podemos encontrarla en el caso de *Lampen* v. *Kedgewin,* 1 Mod., 207,' y la Corte Suprema de Kentucky en el caso de *Birch etc.* v. *Funk,* 2 Metc., 547, dice: "Este principio ha sido reconocido repetidas veces y aceptado por este tribunal. En el caso de *Kendal* v. *Talbot,* 1 A. K. Marsh, 321, se resolvió que una sentencia dictada a favor del demandado fundada en la insuficiencia de la demanda no puede constituir cosa juzgada en otra acción fundada en el mismo contrato.' Véase también el caso de *Thomas* v. *Hite,* 5 B. Mon., 594. La misma doctrina se sienta por la Corte Suprema en el caso de *Gerrish et al.* v. *Pratt et al.,* 6 Minn., 61, y en el caso de *Terry v. Hammond,* 47 Cal., 32."

Aplicando los preceptos legales y la jurisprudencia a que nos hemos referido, al presente caso, tenemos que llegar a la conclusión de que la sentencia dictada por la Corte de Distrito de Arecibo en el primer pleito el 15 de julio de 1910 no envuelve presunción de cosa juzgada, pues tal sentencia no fué dictada bajo la base de que los hechos consignados en la demanda no determinaban una causa de acción sino por el fundamento de que la demanda era insuficiente, ininteligible y dudosa, siendo ese el único punto resuelto cuya resolución tiene autoridad de cosa juzgada.

Subsanándose ese defecto sobre el cual no cabe discusión y no habiéndose resuelto que la primitiva demanda no aducía hechos bastantes para determinar una causa de acción, ha podido presentarse nueva demanda alegando nuevamente esos mismos hechos y subsanando como se ha subsanado el defecto que motivó la resolución de 15 de julio de 1910.

No cabe en el presente caso la excepción de cosa juzgada y por ese fundamento no puede sostenerse la sentencia; pero

ésta se sostiene por otras razones que consigna el juez inferior en su opinión.

En esa opinión se dice:

"Tampoco se demuestra por los demandantes de un modo completo y eficaz que requieren las acciones sobre reclamación y reivindicación de bienes, la identidad de la finca descrita en el hecho 30 de la demanda, como adquirida en el año 1839 por Miguel Vega y Pino; y mucho menos que la finca objeto del posesorio adquirida en 1907 por el demandado Tyler y descrita en el hecho 33 forme parte de la descrita en el hecho 30 así como tampoco la descrita en el hecho 39, que se alega posee la demandanda Telesfora Rodríguez."

Encontramos ajustada a la evidencia la anterior apreciación de la corte inferior.

Se ha justificado que Miguel Vega y Pino durante la existencia de la sociedad de gananciales con su esposa Manuela Marrero, adquirió por escritura pública de 29 de septiembre de 1836 la finca compuesta de una caballería de terreno más o menos en el barrio de Sábana Seca del término Municipal de Manatí, según se describe en la demanda; también se ha justificado que Telesfora Rodríguez promovió ante la Corte Municipal de Manatí expediente para acreditar la posesión en que estaba de 100 cuerdas de terreno que también se describen en la demanda, cuyo expediente fué aprobado por resolución de dicha corte e inscrito en el Registro de la Propiedad de Arecibo. Igualmente hay prueba de que la Telesfora Rodríguez vendió al otro demandado Nathaniel P. Tyler dichas 100 cuerdas de terreno, habiendo inscrito Tyler su derecho en el propio Registro. Pero no hay evidencia de que esas 100 cuerdas de terreno formen parte de la finca adquirida por Miguel Vega y Pino desde el año 1836.

La demandada en su contestación negó poseer finca alguna perteneciente a los demandantes y éstos con arreglo al artículo 108 de la Ley de Evidencia estaban en el deber de presentar evidencia para probar su afirmación.

Con arreglo al artículo 450 del Código Civil, el poseedor en concepto de dueño tiene a su favor la presunción legal de que posee con justo título y no se le puede obligar a exhibirlo.

La manifestación hecha por las demandadas Telesfora y Petrona Rodríguez Vega de que las fincas que poseen las tienen por herencia de su abuelo Miguel Vega, no es bastante para deducir que esas fincas forman parte de la que reclaman los demandantes como de la propiedad de su causante Miguel Vega, pues no aparece que éste sólo tuviera la finca que aquellos reclaman y por tanto es posible que la finca a que se refieren Telesfora y Petrona Rodríguez no sea la misma que es hoy objeto del pleito.

En un pleito sobre reivindicación no basta describir la finca que se trata de reivindicar sino que es necesario probar además que esa finca está en poder de los demandados. Tal prueba no existe en el presente caso.

Además los demandantes, según las alegaciones y súplica de la demanda pretenden la reivindicación de una finca de sus causantes Miguel Vega y Pino y Manuela Marrero, en la proporción que les resulta de sus respectivos derechos hereditarios y la entrega de la misma con la indemnización correspondiente en concepto de perjuicios sufridos y frutos dejados de percibir; y opinamos que ese procedimiento no es el adecuado a los fines que persiguen.

En apoyo de nuestra opinión, reproducimos lo que ya dijimos al resolver el caso de *Trinidad et al.* v. *Sucesión de Trinidad et al.,* 19 D. P. R., 647:

"Declarar con lugar la demanda en este caso equivaldría a resolver, que se puede prescindir en absoluto de la ley de procedimientos legales especiales de 1905 a voluntad de cualquier litigante.

\*        \*        \*        \*        \*        \*        \*

"De esos trámites, tan bien ideados y juiciosamente calculados, se apartan los demandantes en el presente caso y pretenden por la sola presentación de su demanda, y de las pruebas a que nos hemos referido, que la corte declare que les corresponde el domi-

nio de la tercera parte indivisa de los bienes que especifican, bienes que casi en su totalidad han pasado, a virtud de contratos de venta inscritos en el registro de la propiedad, a poder y posesión de otras personas distintas de los herederos de María del Pilar Trinidad.

"Tal vez a los demandantes no se les haya entregado en realidad de verdad lo que legítimamente les corresponda, pero, si esto es así, el procedimiento que eligieron no es el adecuado para obtener el reconocimiento de sus derechos.

"En casos de esta naturaleza es necesario comenzar por establecer legalmente la verdadera personalidad continuadora de la del difunto. Cuando la herencia es testada como sucede con la de que se trata en este pleito y se nombra albacea por el testador, corresponde al albacea ejecutar la voluntad del testador. Si el albaceazgo termina antes de que la voluntad del testador se haya cumplido, (artículos 884 y 885 del Código Civil revisado), corresponde su ejecución a los herederos. Si éstos actúan de común acuerdo y tienen la capacidad civil necesaria, y proceden de buena fe, judicial o extrajudicialmente, el problema se soluciona justa y fácilmente. Si no actúan de común acuerdo, si surgen dificultades, se debe acudir a la corte de distrito competente y ésta encauzará los procedimientos, aplicando la ley reguladora del caso.

"Los bienes de la herencia deben inventariarse y administrarse tal como prescribe la ley. Si dichos bienes o alguno de ellos se encuentran en poder de personas que los disfrutan sin derecho alguno, deben reclamarse para la herencia instituyéndose los pleitos que fueren necesarios, y cuando las deudas del difunto hayan sido investigadas suficientemente y pagadas en su caso o se hayan separado bienes bastantes para pagarlas, procede la partición de la herencia y la adjudicación a cada heredero de lo que legítimamente le corresponda.

"La naturaleza misma de la herencia demuestra, pues, la necesidad de disposiciones especiales que la regulen, y cuando existen esas disposiciones especiales, deben cumplirse y no eludirse como trataron los demandantes de eludirlas en el presente pleito."

Esa doctrina es de aplicarse al presente caso con tanto mayor motivo cuanto que la parte demandante no se compone de todos los causahabientes de Miguel Vega y Pino y Manuela Marrero, y algunos de esos causahabientes han desistido de la acción ejercitada sin venir al juicio como demandados.

Por las razones expuestas procede confirmar la sentencia apelada, sin perjuicio del derecho que pueda asistir a los demandantes para reclamar en debida forma la participación que pueda corresponderles en la herencia de Miguel Vega y Pino y Manuela Marrero.

> *Confirmada la sentencia apelada sin perjuicio del derecho que pueda asistir a los demandantes para reclamar en debida forma la participación que pueda corresponderles en la herencia de su causante.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.