José Facundo Cintrón y Cuadra, Margarita Cintrón y Cintrón, Elvira Dapena Cintrón, Juana Clavell y Luis José Antonio Cintrón y Clavell por su madre legítima Juana Clavell; y René Cintrón Parra, demandantes y apelantes, *v.* Yabucoa Sugar Company, demandada y apelada.

Núm. 7629.—*Sometido:* Abril 8, 1938. *Resuelto:* Marzo 21, 1939.

*Cayetano Coll Cuchí, Fernando Zapater, Francisco Parra Capó y Luciano Colón,* abogados de los apelantes; *González Fagundo & González, Jr.,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Una de las cuestiones fundamentales decisivas envueltas en este caso es la de si procede o no la excepción de cosa juzgada que, entre otras defensas, alegó en su favor la parte demandada.

La corte de distrito resolvió dicha cuestión en la afirmativa y los demandantes apelaron para ante este tribunal. Su alegato consta de ochenta y nueve páginas y el de la parte apelada de ciento ochenta y dos. La opinión de la corte sentenciadora es muy extensa y los autos llegan a cerca de seiscientas páginas.

Los demandantes sostienen que son dueños de la hacienda "Laura" situada en Yabucoa, compuesta de cuatrocientas noventa y una cuerdas de terreno, establecimientos y maquinaria para fabricar azúcar, y de otras fincas que describen, no obstante hallarse la demandada en posesión de las mis-

mas desde 1912 a virtud de título inscrito en el registro de la propiedad, porque el procedimiento en ejecución de cierta hipoteca constituída por sus causantes a favor del primitivo causante de la demandada y por medio del cual fueron desposeídos de sus dichos bienes, es nulo, entre otros motivos, por no haberse requerido de pago a los deudores de acuerdo con la ley.

La corte tras un juicio laborioso resolvió el pleito, como ya hemos indicado, en contra de los demandantes. Concluyó que si bien no se requirió a los deudores en debida forma dentro del procedimiento hipotecario, dichos deudores al comparecer en el mismo solicitando la adopción de ciertas medidas, se sometieron a la jurisdicción de la corte, concluyendo además que aunque la sumisión no existiera, era lo cierto que la cuestión que ahora suscitaban debía considerarse juzgada y resuelta en otros pleitos por ellos mismos iniciados y que la demandada era un tercero hipotecario que había adquirido por prescripción el dominio de los bienes reclamados, habiéndose extinguido, también por prescripción, la acción ejercitada.

A virtud del estudio que de los autos y los alegatos hemos hecho, nos inclinamos a creer que la sentencia apelada se sostiene por todos sus fundamentos, pero a fin de no dilatar por más tiempo la decisión del recurso, nos limitaremos a considerar en nuestra opinión el de cosa juzgada.

■ Este pleito se inició por José Facundo Cintrón y Cuadra, Margarita Cintrón y Cintrón, Elvira Dapena y Cintrón, Juana Clavell y Luis José Antonio Cintrón y Clavell y René Cintrón y Parra, como únicos partícipes en la actualidad de la sociedad agrícola Cintrón Hermanos contra la Yabucoa Sugar Company, una corporación constituída con arreglo a las leyes de Puerto Rico.

En la demanda se alega que las fincas de que se trata fueron hipotecadas por Cintrón Hermanos al Banco Territorial y Agrícola en 1895 para responder de noventa mil pesos mexicanos; que en cobro de su crédito el banco solicitó y

obtuvo la venta de las fincas en pública subasta en mayo 19, 1906; que Cintrón Hermanos quedó disuelta desde junio 30, 1901, por vencimiento del término y por fallecimiento de sus socios José Facundo Cintrón y Aurelio Dapena; que ni la sociedad ni sus derechohabientes fueron requeridos de pago en el procedimiento hipotecario que culminó en la adjudicación, procedimiento en el cual se ordenó y efectuó la venta no sólo para el cobro del capital de la deuda y sus intereses, si que de dos mil dólares para costas, suma garantizada pero ilíquida; que la subasta sólo se anunció en el Boletín Mercantil de San Juan; que el valor real de las fincas subastadas era de doscientos mil dólares, habiéndose valuado en la escritura de hipoteca en $134,506 y habiéndose vendido luego por el banco en cien mil a Manuel Dueño, adquiriéndolas la demandada en 1912 en $213,109.51 y que la corte dispuso la venta de la totalidad de las fincas y no de la parte necesaria.

La súplica de la demanda es como sigue:

"1. Que declare nula la subasta de las fincas descritas en esta demanda.

"2. Que condene a la Yabucoa Sugar Company a reivindicar dichas fincas a los demandantes y a pagar todos los frutos, rentas y productos de la misma desde que las adquirió en una suma de $50,000 anuales como mínimum.

"3. Que condene a los demandados en costas, gastos, desembolsos y honorarios de abogados."

Consta de los autos que después de adjudicadas al banco acreedor en pública subasta las fincas de que se trata, doña Eulalia y doña Margarita Cintrón, socias de la Sociedad agrícola Cintrón Hermanos, y José Luis y José Cintrón, hijos de José Facundo Cintrón, socio que fué de dicha sociedad, demandaron al banco en abril 28, 1903, solicitando entre otros pronunciamientos el de la nulidad de la adjudicación.

La corte de distrito decidió el pleito en los siguientes términos:

"*Fallamos:* que debemos declarar y declaramos sin lugar los distintos extremos de esta demanda, absolviendo al Banco de la misma,

excepto en lo relativo a la petición de nulidad de la segunda subasta, diligencia posterior y auto de adjudicación, cuyas actuaciones declaramos nulas, sin especial condenación de costas.''

Apelaron ambas partes y esta corte resolvió el recurso como sigue:

''Por las razones expuestas procede que confirmando en lo conforme y revocando en lo demás la sentencia por ambas partes apeladas, se declare nulo el procedimiento sumario ejecutivo o de apremio seguido ante la Corte de Distrito de Humacao por el Banco Territorial y Agrícola contra la Sociedad Agrícola e Industrial Cintrón Hermanos para el cobro de crédito hipotecario, desde la celebración de la segunda subasta verificada en Guayama el 17 de marzo de 1903, reponiendo dicho procedimiento al estado que entonces tenía, y se desestimen las demás pretensiones formuladas por la referida sociedad en su escrito de demanda, sin perjuicio de los derechos que le asistan respecto de las cuentas de administración de la Central 'Laura', que debe rendirle el mencionado Banco a contar desde la fecha de la rendición de las últimas cuentas producidas, con arreglo a lo pactado por ambas partes en la escritura pública de 23 de mayo de 1900, entendiéndose las costas de ambas instancias sin especial condenación.''

Los fundamentos de la sentencia se consignan en una opinión emitida por el entonces Juez Asociado del Tribunal Sr. Hernández publicada en el volumen noveno de las Decisiones de Puerto Rico a las páginas 244 a 290. *Cintrón* v. *El Banco Territorial y Agrícola,* 9 D.P.R. 244.

Volvió a actuar la corte de distrito y vendidos de nuevo los bienes hipotecados en pública subasta en mayo 19, 1906, mediante adjudicación al Banco acreedor, otra vez doña Margarita y doña Eulalia Cintrón y los hijos de don Facundo, acudieron a la Corte de Distrito de San Juan pidiendo sentencia entre otros con los siguientes pronunciamientos:

''3. Que se declare y decrete la restitución de la Central 'Laura', y anexos reclamados, y que la subasta de las fincas celebrada el día 19 del mes de mayo de 1906, sea anulada y declarada sin valor ni efecto legal alguno, así como todos los procedimientos relativos a dicha subasta, adjudicación e inscripción a favor del Banco Territorial y Agrícola de Puerto Rico.''

Vino el pleito en apelación y esta Corte Suprema confirmó la sentencia recurrida en cuanto por ella se declaró no haber lugar a decretar la nulidad de la subasta de mayo 19, 1906. La opinión de la corte fué emitida de igual modo por el Juez Sr. Hernández y ocupa las páginas 509 a 538 del tomo 15 de las Decisiones de Puerto Rico. En ella se transcribe íntegra la relación de hechos aceptada por las partes y aprobada en marzo 27, 1908 a los efectos de la apelación por el juez sentenciador que lo era el que emite ahora cerca de treinta y un años más tarde esta opinión. *Cintrón et al.* v. *Banco Territorial y Agrícola,* 15 D.P.R. 507.

Basta a nuestro juicio lo que dejamos expuesto para concluir sin vacilación alguna que existe la cosa juzgada y en su consecuencia que actuó derechamente la corte de distrito al declarar la demanda sin lugar.

"Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron", dice el Código Civil, ed. 1930, en su artículo 1204, y aquí concurren todos esos requisitos.

Se insiste en que en este pleito se alega algo fundamental que no se alegó en los otros, esto es, la falta de requerimiento hecho de acuerdo con la ley. Aceptando que es así, ello no obstante la excepción procede porque dicha falta pudo y debió alegarse cuando se recurrió ante los tribunales en demanda de las tierras que hoy se reclaman por haberse adquirido a virtud de un procedimiento ejecutivo hipotecario nulo.

En el caso de *Iglesia Católica* v. *Municipio de Bayamón,* 27 D.P.R. 865, 868, se dijo:

"Esta materia de la 'cosa juzgada' ha sido estudiada cuidadosamente por esta Corte Suprema y decidida en muchas ocasiones. En el caso de *González* v. *Méndez, et al.,* 15 D.P.R. 701, se estableció la siguiente doctrina, aplicable a este pleito:

" 'Cuando en una acción se pide la nulidad de una enajenación hecha por la madre de los bienes de su hija menor por carecer de autorización judicial para ello y en otra acción se pide la misma nulidad por el fundamento distinto de que la madre carecía de la patria potestad sobre su hija, siendo el objeto de ambos pleitos el reclamar una herencia y anular la escritura de enajenación, existe la identidad de acción que da vida a la excepción de cosa juzgada.

" 'Existe la identidad de acciones requerida para la existencia de la excepción de cosa juzgada, aunque las razones o causas de nulidad de una enajenación alegadas en ambas acciones sean distintas cuando el objetivo de ambos pleitos es el mismo. Sentencia del Tribunal Supremo de España de 14 de marzo de 1898.'

"No se trata aquí he hechos nuevos ocurridos después de dictada la primera sentencia. Desde el primer instante la demandante estuvo en condiciones de plantear su pleito bajo las mismas bases que lo planteó por su segunda demanda. Ella tuvo la oportunidad que se concede a todos los ciudadanos. Se le dió 'su día en corte' Si por un error en su gestión más bien que por falta de justicia perdió un derecho, su falta es a ella misma imputable. No es posible admitir una repetición de pleitos bajo circunstancias tales. Hablando por la corte el Juez Figueras, en el caso arriba citado, dijo:

" 'Esto no puede aceptarse porque nunca se constituiría un estado de derecho estable y serio porque la parte que obtuvo en su pro un fallo definitivo se vería envuelta tantas veces en otros tantos pleitos cuantas razones de pedir distintas, pero conocidas al promover el primer pleito, pudieran ocurrirse a una imaginación fecunda.'

"Véanse también las decisiones de esta Corte Suprema en los siguientes casos: *Quintero* v. *Morales*, 23 D.P.R. 118; *Vega et al.* v. *Rodríguez et al.*, 21 D.P.R. 334; *Hernández* v. *Arán et al.*, 20 D.P.R. 53; *Orama et al.*, v. *Oyanguren*, 19 D.P.R. 829; *Ninlliut* v. *Suriñach et al.*, 18 D.P.R. 195, y *Calaf et al.* v. *Calaf*, 17 D.P.R. 198, y la de la Corte Suprema de los Estados Unidos en el caso de *Calaf y Fugurul* v. *Calaf y Rivera*, 232 U. S. 371, 374.''

■ La doctrina de cosa juzgada, ha dicho la Corte Suprema de los Estados Unidos en *Hart Steel Co*. v. *Railroad Supply Co.*, 244 U. S. 294, 299, por medio de su Juez Sr. Clarke, "no es una simple cuestión de práctica o procedimiento heredada de otros tiempos más técnicos que los nuestros. Es una regla de justicia fundamental y sustancial, 'de interés público y de paz privada', que debe ser observada y

puesta en vigor por las cortes con el fin de que los derechos, una vez establecidos por una sentencia final de una corte de jurisdicción competente, sean reconocidos por aquéllos que estén en toda forma por ella obligados, en cualquier sitio en que la sentencia deba respetarse. *Kessler* v. *Eldred,* supra.''

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Sr. De Jesús no intervino.