## IRIZARRY ET AL., DEMANDANTES Y APELADOS, *v.* BARTOLOMEY ET AL., DEMANDADOS Y APELANTES.

### APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre nulidad y reivindicación.

No. 2949.—Resuelto en marzo 27, 1924.

NULIDAD DE EJECUCIÓN DE HIPOTECA Y REIVINDICACIÓN—EXCEPCIÓN PREVIA POR DEFECTO DE PARTES DEMANDADAS—PARTE NO NECESARIA.—Por regla general el cedente de un crédito hipotecario no es parte demandada necesaria en un pleito en el cual se demanda a la sucesora del cesionario para que se decrete la nulidad de la hipoteca, orden de ejecución y subasta; y si la sucesión del cesionario no pidió al ser demandada, como sucede en este caso, que se incluyera como demandado al cedente, no puede concluirse que fué error el desestimar una excepción previa por defecto de partes demandadas.

ID.—ID.—CAUSA DE ACCIÓN.—El heredero que es dueño de una porción indivisa en bienes muebles tiene derecho a reivindicarla sin que para ello sea necesaria la previa partición y adjudicación de la herencia. *Capó* v. *Fernández*, 27 D. P. R. 715.

ID.—EXPEDIENTE POSESORIO—BIENES GANANCIALES.—La inscripción de un título posesorio a nombre de una persona casada es un aviso para todo el mundo en cuanto al carácter ganancial de la propiedad así poseída, y una mera certificación del registrador al efecto de que el peticionario en el expediente posesorio había probado que las casas en cuestión fueron construídas con dinero perteneciente a él y no a la sociedad conyugal, no es bastante para destruir la presunción legal en cuanto al carácter ganancial de la propiedad.

ID.—ID.—Cuando los bienes hipotecados son gananciales y la demanda de ejecución se presenta después del fallecimiento de los cónyuges, el procedimiento y la adjudicación de los bienes hipotecados son nulos en cuanto a los herederos de ambos cónyuges que no fueron demandados en la representación que ostentaban.

ID.—ID.—RENUNCIA DE DERECHOS Y ACCIONES.—La renuncia hecha en escritura pública por una heredera, de todos los derechos y acciones que pudiera tener como heredera de sus padres, no comprende los que tenía como heredera de una hermana legítima fallecida sin sucesión y sin testamento.

ID.—ID.—PRESCRIPCIÓN DE ACCIONES.—El precepto del artículo 1268 del Código Civil al efecto de que las acciones para pedir la nulidad de los contratos en que concurran los requisitos del artículo 1228, prescribirán a los cuatro años, no es aplicable a la acción de nulidad de los contratos que son nulos *per se* por falta de alguno de aquellos requisitos, y mucho menos a una acción para obtener la nulidad de un procedimiento.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. G. Rodríguez.*

Abogado de los apelados: *Sr. J. Tous Soto.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Los demandados establecen apelación de una sentencia dictada contra ellos en una acción reivindicatoria en la cual los demandantes solicitaron y obtuvieron un pronunciamiento en cuanto a la nulidad de una hipoteca y orden de ejecución y subasta, y a la vez insisten en que:

"1. La corte inferior cometió error al desestimar la excepción contra la demanda.

"2. La corte inferior cometió manifiesto error al declarar nula la hipoteca constituída por José Lugo Marcucci a favor de Alejandro Bartolomey, en cuanto a la mitad que correspondía a su esposa Luisa Ramírez, pues que la hipoteca fué constituída sobre un bien privativo de José Lugo Marcucci.

"3. La corte inferior cometió error al declarar nula la sentencia y subasta en el pleito seguido por Mariano Bartolomey contra la sucesión de José Lugo Marcucci, en cuanto a las participaciones de las dos fincas pertenecientes por herencia paterna y materna a Luisa Gonzaga Lugo, toda vez que una de las fincas estaba sujeta a la hipoteca que motivó la ejecución; y ambas pertenecían privativamente al padre de ella.

"4. La corte inferior erró al condenar al demandado a reconocer a Julia Lugo Ramírez y Sinforoso Irizarry como herederos de su hermana y cónyuge Luisa Gonzaga Lugo, en condominio de 46.657% en las fincas objeto de este pleito o sea una tercera la primera y dos terceras el segundo.

"5. La corte inferior erró al apreciar el montante de los frutos y rentas producidos por las fincas de que se trata en este pleito, y los gastos hechos por el demandado en las reparaciones de ellas, pues que no están de acuerdo con el resultado de la evidencia, y porque tratándose de un poseedor de buena fe, no responde de esos gastos.

"6. La corte inferior cometió error de derecho al no declarar prescrita la acción de los demandantes para la demanda de nulidad.

"7. La corte incurrió en manifiesto abuso de discreción (hablamos en términos legales) al condenar en costas al demandado.'

La primera proposición bajo el primer señalamiento de error es que el primitivo acreedor hipotecario era parte necesaria, pero la única razón en que se basa la contención es que a un cesionario no debe considerársele como únicamente responsable en un contrato en el cual no era parte y si el cedente de la hipoteca hubiera sido traído como demandado él podría haber interpuesto una defensa que hubiera resultado en beneficio de los apelantes. Pero en este caso el primitivo demandado, causante de los apelantes, cesionario de la hipoteca, era el demandante en el procedimiento ejecutivo hipotecario que privó a los demandantes en esta acción de la posesión de su propiedad, y ni él ni el apelante solicitaron, como pudieron hacerlo, que fuera hecho parte demandada el primitivo deudor hipotecario. La sugestión como fue formulada no establece la proposición de que el primitivo acreedor hipotecario era parte necesaria en la actual controversia, y el examen en lo que a esto respecta no debe ir más allá de los límites del razonamiento de los apelantes.

La segunda sugestión bajo el primer señalamiento es que la demanda no aduce hechos suficientes para constituir una causa de acción toda vez que en ella no se alega una previa partición y adjudicación de los bienes, sino que se pretende recobrar ciertos condominios únicamente, citándose el caso de *Cristián* v. *Escobar,* 23 D. P. R. 277. Pero la doctrina de ese caso sobre el punto de referencia ha sido definitivamente abandonada y revocada en una serie uniforme de decisiones posteriores.

El segundo señalamiento envuelve principalmente una cuestión de hecho. La transcripción de los autos mismos y el récord taquigráfico de este caso, conteniendo el segundo solamente más de 150 páginas, están foliadas y con índices separadamente mientras que las citas contenidas en el alegato de los apelantes parece que han sido hechas con referencia a algún otro récord foliado quizá consecutivamente y que no está ante nuestra consideración. A pesar de esta

dificultad, sin embargo, nos hemos tomado el trabajo de examinar varias de algunas de las referencias más significativas que. han sido hechas y después de hacer esto limitamos nuestra discusión a los hechos según aparecen allí.

Una cláusula del testamento de José Lugo Marcucci otorgado en el año 1882 es como sigue (itálicas nuestras):

"Tercera: El señor testador declara hallarse casado *in facie eclesia* con Luisa Ramírez, habiendo tenido y procreado en este matrimonio dos hijas nombradas Luisa Gonzaga y Sinforosa, ambas impúberes, sin que su consorte aportase ningún capital cuando se casó en tanto que el señor testador introdujo a la sociedad conyugal los mismos bienes que hoy posee *aunque representado su importe en otros objetos.*"

Una certificación del registro de la propiedad dice en parte lo siguiente:

"Que a los folios 31 y 35 del tomo Séptimo del Ayuntamiento de Yauco, fincas números trescientos cuarenta y dos y trescientos cuarenta y tres, respectivamente, inscripciones .primeras, se incribieron a favor de José Lugo Marcucci, industrial, casado, de cuarenta y dos años de edad y vecino de Yauco, las dos fincas urbanas siguientes: (Se describen).

"Dichas casas fueron construídas por el señor Lugo Marcucci, a sus expensas, con peculio propio, según lo justificó en expediente posesorio tramitado en el Juzgado Municipal de Yauco, aprobado por auto de nueve de julio de mil ochocientos ochenta y cinco, del cual expediente resulta que el señor Lugo Marcucci estaba en posesión de las referidas casas desde hacía entonces el espacio de doce años."

Es un hecho establecido y no controvertido que Marcucci se casó en el año 1871. Por consiguiente, la declaración que en el testamento se hace, el testimonio en cuanto a una posesión de más de doce años en la fecha del expediente posesorio en el año 1885 y la inscripción en el registro de la propiedad a nombre de Marcucci como persona casada son perféctamente compatibles uno con otro y todos y cada uno de ellos indican claramente la adquisición así como la posesión

durante el matrimonio. La cuestión queda, pues, reducida a la forma de la adquisición y al origen y carácter del dinero así invertido.

El certificado del registrador en cuanto a su forma deja mucho que desear y una copia literal de la inscripción hubiera puesto a la corte inferior, así como a esta corte, en condiciones de resolver más inteligiblemente la cuestión envuelta. Pero el documento fué admitido sin objeción, va algo más lejos de la petición que de él se hizo y muestra por su faz la disposición por parte del registrador en sostener la teoría de los apelantes más que de los apelados en cuanto al efecto legal de la inscripción. Además, si la copia literal hubiera servido de algo a los demandados, ellos tenían abierta la oportunidad de presentar una como prueba de la defensa, lo que parece que no hicieron. Y sea esto como fuere el registrador no certifica que la finca en cuestión fué inscrita como propiedad privativa de Marcucci.

Los apelantes no discuten, y mucho menos establecen, la suficiencia de una declaración o mera manifestación hecha por el testador, contenida en el testamento de un hombre casado, para establecer el hecho, si lo es, de que toda la propiedad aportada a la sociedad conyugal a la fecha del matrimonio había sido llevada por él y ninguna por la esposa. Ni tampoco, a falta de algún razonamiento o cita de autoridades, estamos dispuestos a revocar la sentencia de la corte inferior sobre este punto.

Admitiendo en pro del argumento, aunque sin resolver, que la sentencia de una corte municipal en un procedimiento en el cual no se ha demostrado que la esposa ha sido parte y donde ella no ha comparecido como testigo, es bastante para destruir la presunción legal en cuanto a la propiedad ganancial y establecer el carácter privativo de la posesión por parte del marido,—sin embargo, es la corte y no el registrador de la propiedad quien ha de resolver sobre el peso

y suficiencia de la prueba y determinar la naturaleza de tal posesión.

En el presente caso la certificación del registro no prueba que la orden del juez municipal contenía ningún pronunciamiento en cuanto al carácter privativo de la posesión por parte del marido, u ordenaba la inscripción de un título posesorio bajo la base establecida de un derecho de dominio separado en cuanto al esposo y la esposa, o que la inscripción fué así hecha. No necesitamos indagar, por tanto, en cuanto al posible efecto de cualquier reclamación de la esposa o sus herederos en oposición a los subsiguientes compradores o acreedores hipotecarios que negocien con la propiedad que se ha declarado está en posesión del marido como propiedad privativa suya e inscrita en tal forma en el registro de la propiedad.

La inscripción de un título posesorio a nombre de una persona casada es un aviso para todo el mundo en cuanto al carácter ganancial de la propiedad así poseída, y una mera declaración del registrador a ese efecto de que el peticionario en el expediente posesorio había probado que las casas en cuestión fueron construídas con dinero perteneciente a él y no a la sociedad conyugal, no es bastante para destruir la presunción legal en cuanto al carácter ganancial de la propiedad. Se infiere, pues, que tal expresión no puede proporcionar una base adecuada para la alegación de que la condición de ganancial no aparece claramente del récord.

El tercero y cuarto señalamiento son esencialmente corolarios del segundo. El razonamiento del alegato en todo aquello que no haya sido ya resuelto no exije amplia discusión.

Puede ser que si los condueños de las fincas hipotecadas eran responsables solidariamente, como se ha alegado por los apelantes, de todo el importe de la hipoteca, entonces el

procedimiento hipotecario fue válido en cuanto a los demandados que estaban ante la corte. Pero si la "indivisibilidad" de la hipoteca implica necesariamente que no puede ser ejecutada sobre una parte de la propiedad hipotecada sin que se verifique una venta de toda la propiedad, entonces la conclusión lógica parece ser, no como alegan los apelantes, que el aviso a uno o varios de los condueños que son solidariamente responsables confiere a la corte la autoridad para vender la finca de los otros que no han sido notificados de tal modo, sino más bien que todo el procedimiento fue nulo, y que los demandantes quizá eran más generosos de lo que pudieron haber sido al solicitar la adjudicación en cuanto a un condominio solamente. De todos modos la doctrina de indivisibilidad no puede invocarse con éxito sin citarse ninguna autoridad como suficiente para justificar la incautación y venta de una propiedad hipotecada sin la formalidad del aviso y tener sus dueños oportunidad de comparecer ante la corte. También algo se insiste en una supuesta cesión y renuncia de todos los derechos por parte de la demandante Julia Lugo que anteriormente había comparecido ante un notario como heredera de sus difuntos padres y (después de vender al causante de los demandados los patios colindantes de las casas vendidas en el procedimiento ejecutivo, lo que por inadvertencia no había sido incluído en el embargo ni por tanto en la escritura del márshal), con la misma capacidad, esto es, con su carácter de heredera de sus difuntos padres, cedió y renunció cualquier derecho o causa de acción que pudiera haber tenido contra dicho acreedor hipotecario con respecto a la propiedad en cuestión. Bajo la regla de la interpretación estricta que regula tales cuestiones, al documento de referencia no puede dársele un alcance tal que comprenda cualquier derecho, título o interés adquirido por herencia de la hermana o de otro modo que no sea por herencia de los padres del vendedor y

cedente. Por supuesto, no creemos necesario indagar sobre cuestiones que no han sido discutidas en absoluto en el alegato.

Examinando la prueba a la luz de los artículos 436, 1322, 457 y 458 del Código Civil, el razonamiento bajo el quinto señalamiento no revela la existencia de un error tan manifiesto que requiera la revocación o modificación de la sentencia con relación a la cuantía de las rentas y ganancias.

La contestación en cuanto al sexto señalamiento puede hallarse en el caso de *Cruz* v. *Sucesión Kuinlan,* 29 D. P. R. 877–880, y casos citados.

Entendemos que no ha habido abuso de discreción en el particular relativo a las costas y debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.