JULIA LUGO RAMÍREZ, demandante y apelada, *v.* SILVESTRE, JULIA y CECILIA BARTOLOMEY, demandados y apelantes.

No. 5341.—*Sometido:* Junio 22, 1932.   *Resuelto:* Mayo 8, 1934.

*R. V. Pérez Marchand,* abogado de los apelantes; *G. S. Pierluisi,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En el año 1906 fueron adjudicadas a Mariano Bartolomey dos casas en juicio que siguió para el cobro de hipoteca que había constituído José Lugo Marcucci.

En 1914 Julia Lugo Ramírez y Mariano Bartolomey otorgaron escritura por ante notario cuyas cláusulas son las siguientes:

"Primera: Que en la venta judicial que por escritura pública número setenta, otorgada ante el notario y abogado don Gustavo Ro-

dríguez Acevedo, de Ponce, se hizo a favor del compareciente señor don Mariano Bártolomey y Piacentini, de dos casas, una de madera y la otra de mampostería, con los números once y trece, respectivamente, sitas ambas en la calle San Francisco, hoy Pacheco, de la ciudad de Yauco, que fueron propiedad de don José Lugo Marcucci, se excluyeron de la venta por no haber sido embargados, unos terrenos que forman los patios de las susodichas casas con muralla de ladrillo de dos varas más o menos de altura, que los cerca en una extensión de ochocientos metros cuadrados de los cuales está en posesión del compareciente Bartolomey y Piacentini desde la fecha catorce de junio de mil novecientos seis en que le fué otorgada la escritura de dicha venta judicial. (Sigue la descripción de los terrenos y continúa) :

"Segunda: Que doña Julia Lugo y Ramírez a título de heredera de sus difuntos padres don José Lugo Marcucci y doña Luisa Ramírez y Rodríguez como también a nombre de cuantos pudieran tener derecho alguno sobre los terrenos más arriba descritos por los que sale ella garante, tanto para la presente venta como para el cobro y el reparto de su importe entre los demás interesados, si los hubiere, vende a don Mariano Bartolomey y Piacentini los patios o terrenos en cuestión ya mencionados en el párrafo primero del documento de venta judicial número setenta otorgado en catorce de junio de mil novecientos seis ante el notario de Ponce don Gustavo Rodríguez y Acevedo por la cantidad de cuatrocientos dollars moneda americana que el referido don Mariano Bartolomey entrega en mi presencia a doña Julia Lugo y Ramírez.

"Tercera: Y al finalizar la presente escritura doña Julia Lugo y Ramírez a quien reconoce el señor Bartolomey y Piacentini con derecho a realizar la venta de los terrenos descritos en el hecho primero de esta escritura como dueña en virtud de su calidad y título de heredera de sus difuntos padres don José Lugo Marcucci y doña Luisa Ramírez y Rodríguez declara hallarse plenamente satisfecha del valor por que verifica esta transacción y en la misma calidad que arriba se menciona renuncia y cede todos los derechos y acciones que pudiera hacer valer contra el compareciente y comprador don Mariano Bartolomey y Piacentini, respeto de los bienes procedentes de la sucesión de sus difuntos padres en lo que se refiere a la venta judicial de las dos casas de madera y mampostería números once y trece de la calle Pacheco, de Yauco, y sus dependencias que le fueron adjudicadas a don Mariano Bartolomey en pago de una cuenta que le adeudaba su padre don José Lugo Marcucci, según sentencia de once de abril de mil novecientos seis y escritura pública de catorce de junio del mismo año mil novecientos seis.''

En 1922 Julia Lugo y Sinforoso Irizarry, viudo el segundo de Luisa Gonzaga Lugo Ramírez, única hermana legítima de Julia Lugo, que había muerto sin descendientes, demandaron a Mariano Bartolomey alegando que las dos casas adjudicadas en 1906 a Mariano Bartolomey fueron compradas por José Lugo Marcucci durante su matrimonio con Luisa Ramírez, por lo que eran bienes de la sociedad conyugal: que José Lugo constituyó la hipoteca después de fallecida su esposa: que al ser ejecutada la hipoteca había fallecido José Lugo Marcucci y también la esposa de Irizarry, la que murió después que su madre: y que en el juicio para el cobro de la hipoteca no se demandó a Julia Lugo como heredera de su madre y de su hermana, ni al heredero de ella Sinforoso Irizarry como cónyuge viudo. Por esas alegaciones solicitaron sentencia que declarase nula la hipoteca, la sentencia, la orden de ejecución y la subasta por la hipoteca en cuanto al condominio de una mitad de dichas fincas correspondiente a la cónyuge viuda (*sic*) María Luisa Ramírez y nulo el título de Bartolomey en cuanto a dicho condominio. Fallecido Mariano Bartolomey siguió ese pleito contra sus hijos y herederos, quienes contestando la demanda alegaron como materia nueva de defensa que después de la adjudicación de las fincas hipotecadas por Lugo, su hija Julia Lugo, como heredera de sus padres, vendió, cedió y traspasó a Mariano Bartolomey cuantos derechos pudiera tener en esos bienes, según escritura pública de 15 de febrero de 1914. Sobre esta cuestión resolvió la corte de distrito que Julia Lugo cedió y renunció a favor de Bartolomey los derechos y acciones que pudiera haber tenido como heredera de sus padres pero no como heredera de su hermana y dictó sentencia declarando las nulidades solicitadas en cuanto al condominio de la que fué esposa de Irizarry. En la apelación que los herederos de Bartolomey interpusieron contra esa sentencia, la que fué confirmada (*Irizarry* v. *Bartolomey*, 32 D.P.R. 924), se dijo sobre ese particular lo siguiente:

". . . . También algo se insiste en una supuesta cesión y renuncia

de todos los derechos por parte de la demandante Julia Lugo que anteriormente había comparecido ante un notario como heredera de sus difuntos padres y (después de vender al causante de los demandados los patios colindantes de las casas vendidas en el procedimiento ejecutivo, lo que por inadvertencia no había sido incluído en el embargo ni por tanto en la escritura del márshal), con la misma capacidad, esto es, con su carácter de heredera de sus difuntos padres, cedió y renunció cualquier derecho o causa de acción que pudiera haber tenido contra dicho acreedor hipotecario con respecto a la propiedad en cuestión. Bajo la regla de la interpretación estricta que regula tales cuestiones, al documento de referencia no puede dársele un alcance tal que comprenda cualquier derecho, título o interés adquirido por herencia de la hermana o de otro modo que no sea por herencia de los padres del vendedor y cedente. Por supuesto, no creemos necesario indagar sobre cuestiones que no han sido discutidas en absoluto en el alegato.''

Posteriormente, en 1926, Julia Lugo Ramírez demandó a los herederos de Mariano Bartolomey para que la corte declarase nula por falta de causa aquella parte de la escritura de febrero de 1914, cuyas cláusulas hemos transcrito antes, en la que la demandante renuncia y cede todos los derechos y acciones que pueda hacer valer contra Mariano Bartolomey respecto de los bienes procedentes de sus difuntos padres en lo que se refiere a la venta judicial de las dos casas que fueron adjudicadas a Bartolomey. Para esa petición alegó la adjudicación de las casas hecha a Bartolomey en 1906; que antes de firmarse la escritura de venta de los patios o terrenos de esas casas exigió Bartolomey a la demandante que ratificara la venta hecha en la subasta, lo cual hizo la demandante con el fin de no obstruir la venta de los patios mencionados, por creer de buena fe que no era nula esa subasta, por lo que creyéndola legal y que nada vendía a que pudiera tener derecho, firmó la escritura sin recibir causa o consideración alguna, ya que el dinero que recibió era por los patios. También alegó lo que por la sentencia dictada por la corte de distrito en el pleito iniciado en 1922 antes referido, confirmado en apelación, se declaró con respecto a los derechos que cedió por la escritura de 1914.

Los herederos de Bartolomey alegaron como excepción previa que la acción de nulidad ejercitada en la demanda está prescrita por haber sido interpuesta después de cuatro años de haberse otorgado la escritura de 1914. La corte desestimó esa excepción y entonces uno de los herederos contestó la demanda negando sus hechos y aduciendo como defensa especial que la demandante está impedida de proceder en este caso por haberse declarado por sentencia que no tiene derecho alguno en dichas fincas por haber cedido los que tuviera por la escritura de 1914, por lo que existe cosa juzgada.

Celebrado el juicio recayó sentencia a favor de la demandante. Contra ella interpusieron los demandados el presente recurso de apelación.

Tres son los motivos alegados por los apelantes para sostener su recurso, a saber:

"Primero: La Corte de Distrito de Ponce cometió error al declarar sin lugar la excepción previa especial de prescripción que fué oportunamente radicada contra la demanda en el presente caso.

"Segundo: La Corte sentenciadora cometió un grave error al declarar, como declaró, sin lugar la defensa especial del demandado compareciente don Silvestre Bartolomey, en cuanto a que la demandante estaba impedida (en *estoppel*) por los términos de su propia demanda para pedir la nulidad de su escritura de 15 de febrero, 1914, por resultar asimismo de los términos de la referida demanda que la acción ejercitada era asunto resuelto (*res judicata*) entre las partes.

Tercero: La corte sentenciadora cometió finalmente el error de declarar con lugar la demanda con las costas a los demandados."

■ Veamos la cuestión de cosa juzgada a que se refiere el segundo motivo de este recurso.

Los requisitos exigidos por la ley para que exista cosa juzgada se encuentran determinados en el artículo 1219 del Código Civil que en lo necesario dice así: "Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquel en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron."

El pleito de 1922 y el de 1926 tienen por objeto la misma cosa pues habiendo ejercitado Julia Lugo como heredera de sus padres una acción de nulidad del procedimiento ejecutivo que siguió Bartolomey para el cobro de una hipoteca constituída por José Lugo y habiendo alegado los demandados que ella había renunciado esos derechos hereditarios en escritura pública a favor de Bartolomey, surgió así una controversia entre las partes sobre si existía o no tal renuncia, cuestión que la corte tenía que resolver y que decidió por su sentencia, que es firme, declarando que ella renunció tales derechos; y en el segundo pleito se trata de que se declare que ella no renunció tales derechos por no haber habido causa para esa renuncia. Resulta, pues, que el objeto o cosa es el mismo en ambos pleitos, de tal suerte que en el segundo se interesa que se declare lo contrario de lo que antes fué resuelto toda vez que si se declara inexistente la renuncia contenida en la expresada escritura por carecer de causa para ello, entonces no existiría renuncia válida de los derechos hereditarios de sus padres en cuanto a la acción que pudiera tener para solicitar la nulidad del ejecutivo, que es lo contrario de lo que se resolvió en el pleito anterior.

■ También existe en ambos litigios la misma causa de pedir porque en el primero la demandante solicitó la nulidad del ejecutivo como heredera de sus padres y en el segundo, aunque demanda en nombre propio, ejercita su acción como heredera de sus padres, aunque no lo diga así, ya que si no fuera la heredera de sus padres no podría ejercitar la acción de inexistencia de renuncia de esos derechos porque no le afectaría que tal renuncia sea válida o no.

■ También hay identidad de personas en ambos pleitos, pues los demandados son las mismas personas y en ambos lo fueron como herederos de Mariano Bartolomey. En cuanto a Julia Lugo es demandante en los dos pleitos y en la misma calidad pues aunque en el primero demanda como heredera y en el segundo dice que lo hace por su derecho propio, ya hemos manifestado antes que en verdad demanda como here-

dera de sus padres, ya que de no ser así en nada le afectaría la renuncia de los derechos hereditarios. En resumen, existe la cosa juzgada en este pleito.

En vista de la conclusión a que hemos llegado y toda vez que en el pleito anterior fué resuelto que Julia Lugo Ramírez renunció los derechos hereditarios de sus padres a que nos hemos referido, se hace innecesario resolver los otros motivos de la apelación que se refieren a si la renuncia de tales derechos es nula o inexistente y si la acción que se ejercita en este pleito ha prescrito o no.

*La sentencia apelada debe ser revocada y dictarse otra por nosotros declarando sin lugar la demanda sin especial condena de costas.*