AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO, demandante y recurrente, *v.* ELÍ BELÉNDEZ, ELÍ ARROYO y GODOFREDO GAETÁN BARBOSA, miembros integrantes de la Junta de Personal del Estado Libre Asociado de Puerto Rico, ET AL., demandados y recurridos.

*Número:* R-68-315      *Resuelto:* 10 de febrero de 1970

*José O. Sabater, Ernesto C. Blanco, Haydee Martínez González
y Ramón Cancio,* abogados de la recurrente; *Angel Viera
Martínez,* abogado de Héctor L. Medina y Luis Colón Torres;
*Rafael A. Rivera Cruz, Procurador General, J. F. Rodríguez
Rivera, Subprocurador General, y Peter Ortiz, Procurador
General Auxiliar,* abogados de la Junta de Personal del
Estado Libre Asociado.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Héctor L. Medina Vázquez y Luis Colón Torres funcio-
narios de la Autoridad de Acueductos y Alcantarillados,
radicaron dos querellas ante la Junta de Personal alegando
que dicha Autoridad no les concedió aumentos en sus sueldos
por cuestiones ajenas al mérito: por haber declarado en
contra de la Autoridad en un procedimiento administrativo
anterior ante la Junta de Personal. La Autoridad solicitó
la desestimación de ambas querellas por entender que la Junta
de Personal carecía de jurisdicción.

La Junta de Personal acordó asumir jurisdicción sobre
las dos querellas interpuestas. Fundamentó su resolución
en la Regla 15 de su Reglamento(1) y en el poder investiga-

---

(1) Dispone así:

"Ninguna persona recibirá nombramiento, ni será ascendida o degra-
dada, ni suspendida o destituida de puesto alguno en el Servicio por
Oposición, ni en ninguna será favorecida o perjudicada, ni recibirá trato
desigual en los procesos de reclutamiento, exámenes, nombramiento, adies-
tramiento, retención, ascenso, o en cualquier otra acción de personal en el
Servicio por Oposición por cualquier razón irrelevante al mérito tales
como por razones políticas, religiosas, o de raza, color, sexo, nacimiento,
origen, condición social o por haber presentado quejas o querellas, o por
haber prestado testimonio ante cualquier organismo legislativo, adminis-
trativo, ejecutivo o judicial. . . . La Junta podrá investigar o resolver en
apelación, a solicitud de parte, querellas de las personas que se sientan
afectadas adversamente cuando tuvieren razones para creer que se ha
discriminado en su contra por alguno de los motivos anteriores. . . ."
(3 R.&R.P.R. Sección 647-221).

518

tivo que la Sec. 6 (a) (4) de la Ley de Personal le confiere. (²) En relación con la contención de la Autoridad demandante, la Junta expresó lo siguiente:

"Arguye la representación legal de la autoridad nominadora que, por la Ley 67 de 20 de junio de 1962, sus empleados, que anteriormente tenían el status de empleados en el servicio por oposición, tienen ahora ante la Junta solamente el derecho de apelar en casos de destitución, suspensión, cesantía, descenso, o separación en el período probatorio por razones políticas, religiosas o de raza.

Es cierto que la Asamblea Legislativa, en dicha ley especial, confiere a los empleados de la Autoridad de Acueductos y Alcantarillados ese derecho apelativo, pero ello no tuvo el efecto de limitar o derogar la jurisdicción investigativa de esta Junta.

De ordinario, esta Junta no intervendrá en el ejercicio de la sana discreción de una autoridad nominadora en acciones de personal tales como negativa a ascender o conceder aumento en sueldos. Pero cuando la acción de personal es resultado de un discrimen o está motivada por razones irrelevantes al mérito, tenemos la obligación de hacer cumplir las disposiciones de la Ley y de las Reglas de Personal. Por supuesto, recae sobre los apelantes el peso de probar el alegado discrimen y esta Resolución no puede prejuzgar los méritos de sus alegaciones. Solamente estamos resolviendo que las apelaciones exponen suficientes fundamentos para asumir nuestra jurisdicción, como lo hacemos."

No conforme con dicha resolución, la Autoridad instó un recurso de Sentencia Declaratoria en el Tribunal Superior de San Juan, en el cual solicitaba que se declarase que la Junta carecía de jurisdicción apelativa para intervenir en la materia de las querellas interpuestas. La Autoridad alegó que la Regla 15, *supra*, solo aplicaba al personal en el Servicio por Oposición (y los dos querellantes están en el Servicio

---

(²) Dispone:

"Practicar cualquier investigación que considere necesaria en relación con la administración de personal del Servicio Estadual, y formular las recomendaciones que sean pertinentes al Director o al Gobernador." Ley Núm. 345 de 12 de mayo de 1947, 3 L.P.R.A. Sec. 646 (a) (4).

Exento), ya que el poder de reglamentación de la Junta está limitado por la Sec. 7 de la Ley de Personal (3 L.P.R.A. sec. 647), a los empleados del Servicio por Oposición y del Servicio sin Oposición y que extenderlo sería invadir la función legislativa. En relación con la Sec. 6(a)(4) de la Ley de Personal, sostienen que la materia de sueldos queda en manos de la Autoridad nominadora y que la Asamblea Legislativa no incluyó en la Ley Núm. 67, *supra*, esta sección como hizo con las Secs. 6(a)(6) y 31. Por último sostienen que estos dos querellantes no estaban desvalidos ya que el Reglamento de Personal interno de la Autoridad, de 4 de noviembre de 1966, les daba derecho a acudir ante una Junta de Apelaciones.

Los dos querellantes demandados radicaron una moción de desestimación alegando sustancialmente que no procedía la sentencia declaratoria por no haberse agotado los remedios administrativos. El 10 de mayo de 1968 el Tribunal Superior de San Juan dictó una "Resolución y Sentencia" declarando con lugar la moción de desestimación. Expresó el Tribunal:

"Este Tribunal resuelve que, habiendo la Junta de Personal del Estado Libre Asociado asumido jurisdicción en cuanto a las querellas o apelaciones de los demandados, Héctor L. Medina Vázquez y Luis Colón Torres, no puede el Tribunal privar de esa jurisdicción a la Junta y estando pendientes de trámite ante ese organismo administrativo estas dos querellas o apelaciones, no procede la demanda de sentencia declaratoria. Es necesario esperar a que la Junta de Personal resuelva estos dos asuntos en definitiva y sólo entonces podría la parte afectada recurrir al Tribunal si es que la ley le garantiza algún remedio judicial contra la decisión de dicha Junta, porque deben agotarse previamente los remedios al nivel administrativo . . . ."

Esta resolución no fue apelada por la Autoridad, adviniendo final y firme.

La Autoridad acudió entonces ante la Junta y solicitó de ésta que clarificara su resolución por entender que ésta

no definía con claridad la jurisdicción que la Junta decidió asumir. Sostenía ahora la Autoridad, que si bien la Junta tenía facultad para realizar cualquier investigación que considerase necesaria en relación con la administración del personal del Servicio Estatal,[3] ésta era una jurisdicción exclusivamente investigativa y no adjudicativa. Esta contención fue rechazada por la Junta exponiendo que el propósito de las vistas es para determinar la veracidad de las querellas y de hacer una adjudicación de conformidad con los poderes que le confiere a la Junta la Sec. 6(a)(6) de la Ley de Personal.

Acude nuevamente la Autoridad al Tribunal Superior en una demanda titulada "Injunction y Sentencia Declaratoria", en la cual solicitaba que se ordenase a la Junta no adjudicar las querellas ante ella. Tanto la Junta como los empleados querellantes radicaron mociones de desestimación, alegando que procedía la defensa de cosa juzgada. El 31 de octubre de 1968 el tribunal dictó sentencia declarando con lugar las mociones de desestimación y en su consecuencia declaró sin lugar el recurso de "Injunction y Sentencia Declaratoria" por constituir cosa juzgada en la de dicho caso, la resolución y sentencia dictada en el pleito sobre sentencia declaratoria. El tribunal entendió que en ambas acciones el punto legal era el mismo, esto es, si la Junta de Personal tenía jurisdicción para intervenir en las dos querellas radicadas y se trataba de las mismas partes. Acordamos revisar.

Si examinamos el presente caso encontramos que existe "perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron", Art. 1204 del Código Civil, 31 L.P.R.A. sec. 3343. En ambos pleitos se instaron recursos extraordinarios con el objeto de evitar

---

[3] Como vimos anteriormente la Autoridad limitaba en un principio la aplicación de la facultad investigativa y de reglamentación de la Junta al Servicio por Oposición y Sin Oposición dejando fuera al Servicio Exento. Luego la aceptó al acudir nuevamente a la Junta.

que la Junta de Personal asumiese jurisdicción sobre las dos querellas. Constituyó la causa de acción en ambos la alegada falta de jurisdicción de la Junta. Alegan los demandantes que la controversia inicial en el primer pleito era la falta de jurisdicción total de la Junta, para entender sobre las dos querellas, siendo sustancialmente modificada en el segundo pleito cuando se aceptó la jurisdicción de la Junta para investigar pero no para adjudicar. La filosofía y propósito de la excepción de cosa juzgada, según expresamos en el caso de *Pérez* v. *Bauzá*, 83 D.P.R. 220 a la pág. 225 (1961), está fundada en lo siguiente:

"En términos generales, puede afirmarse que la regla de cosa juzgada está fundada en consideraciones de orden público y necesidad: por un lado el interés del Estado en que se le ponga fin a los litigios, que no se eternicen las cuestiones judiciales . . . y en la conveniencia de dar la debida dignidad a los fallos de los tribunales . . . y por otro lado, la deseabilidad de que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa. La doctrina es de prosapia romana y hallaba expresión en la máxima 'res judicata por veritate habetur' . . . . En sus orígenes presupuso un procedimiento adversativo o contencioso y una adjudicación en los méritos. Sin embargo, las complejidades del procedimiento moderno, y el aumento en la litigación, han causado su extensión— por vía estatutaria—aun a fallos que no han adjudicado la controversia en sus méritos."

El hecho de variar el fundamento para sostener la alegada falta de jurisdicción de la Junta, presentado en el primer pleito de Sentencia Declaratoria, no es óbice para determinar la identidad de causa de acción en el segundo pleito de "Injunction y Sentencia Declaratoria". En el caso de *González* v. *Méndez*, 15 D.P.R. 701 (1909) se planteó, si dejaba de surtir efecto la presunción de cosa juzgada, por el hecho de que en el segundo pleito se alegasen razones de nulidad distintas a las que fueron objeto de discusión en el primero. Constituía la controversia esencial en ambos pleitos el de-

terminar quién era el dueño de ciertos bienes. Resolvimos en la negativa y expresamos al declarar con lugar la excepción de cosa juzgada, a la pág. 721:

"Esto no puede aceptarse porque nunca se constituiría un estado de derecho estable y serio porque la parte que obtuvo en su pro un fallo definitivo se vería envuelta tantas veces en otros tantos pleitos cuantas razones de pedir distintas, pero conocidas al promover el primer pleito, pudieran ocurrirse a una imaginación fecunda." [4]

En el caso de *De León* v. *Colón*, 42 D.P.R. 22 (1931) en donde se instó en el primer pleito demanda de "reivindicación y nulidad de escrituras", la cual se declaró sin lugar. Se apeló pero fue desestimada por este Tribunal al no elevarse la transcripción de los autos. En el segundo pleito se radicó una demanda de reivindicación. Dijimos al resolver con lugar la excepción de cosa juzgada a la pág. 28:

"Si alguna verdadera oportunidad tuvieron los demandantes de reivindicar la finca de que se trata, lo fue en el pleito número 5117. Allí ejercitaron, quizá, la verdadera causa de acción que procedía ejercitar y de haber proseguido su apelación, tal vez hubieran obtenido una sentencia favorable. No pueden quejarse. Tuvieron su día en corte, su oportunidad, y no las supieron aprovechar hasta el fin."

En *Vázquez Prada* v. *Santos*, 54 D.P.R. 618 (1939) se trataba de tres pleitos instados para anular la ejecución de una hipoteca y la venta y adjudicación de la finca hipotecada. En el segundo pleito se había declarado con lugar la excepción de cosa juzgada. En el tercer pleito el demandante alegó que en los dos primeros pleitos el fundamento de la acción de nulidad era que el acreedor hipotecario había ejecutado la hipoteca por una suma mayor a la adeudada y ahora el fundamento era la falta de jurisdicción. La corte expresó a la pág. 624:

[4] Véanse además los casos de *Iglesia Católica* v. *Municipio de Bayamón*, 27 D.P.R. 865 (1919); *Ninlliat* v. *Suriñach*, 27 D.P.R. 74 (1919); *Quintero* v. *Morales*, 25 D.P.R. 118 (1917).

"No tiene razón el apelante. Cuando existe identidad de partes, de cosa y de causa o acción y sólo varía la razón de pedir la nulidad, debe prosperar la excepción de cosa juzgada. El demandante que inicia un pleito está obligado a utilizar dentro del juicio todos sus medios de defensa, para evitar las perturbaciones que resultarían si se conceptuasen como acciones distintas e independientes cada una de las razones o causas que el actor conocía y hubiera podido aducir para solicitar la nulidad de una sentencia. La aceptación de una regla distinta introduciría la incertidumbre y el caos en los negocios y haría imposible la constitución de un estado de derecho estable y serio. . . .

. . . No es posible consentir que un demandado pueda dejar de utilizar 'su día en corte' y reservarse alguna o algunas de las razones que pudieran servir de base a su demanda, para aducirlas más tarde en una nueva acción en el caso de que la sentencia le fuera adversa. [Cita]"

Véanse además los casos de *Cintrón* v. *Yabucoa Sugar Co.*, 54 D.P.R. 518 (1939); *Lugo* v. *Bartolomey*, 46 D.P.R. 670 (1934).

Vemos pues, que en el segundo caso la causa de acción es igual a la del primer pleito, o sea, la falta de jurisdicción de la Junta. La parte demandante pretende, que por el hecho de haber variado el fundamento para sostener su alegación, es suficiente para derrotar la excepción de cosa juzgada. Está equivocada. Según expusimos anteriormente el variar el fundamento para sostener una misma causa de acción, no derrota la presunción de cosa juzgada, máxime cuando la Autoridad demandante aceptó y no apeló el fallo del Tribunal Superior en el primer recurso instado. Regresó ante la Junta y pidió que ésta clarificara la jurisdicción que asumía cuando pudo y debió haber planteado tal cuestión antes de acudir al Tribunal. Acude de nuevo al Tribunal la Autoridad con un pleito idéntico en el cual tan solo ha variado levemente el fundamento para sostener su alegación de falta de jurisdicción. Antes, era falta de jurisdicción total, ahora es falta de jurisdicción parcial para adjudicar. Tal fraccionamiento de pleitos no puede sancionarse.

*Siendo correcta la determinación del Tribunal Superior al efecto de que procedía la defensa de cosa juzgada, procede confirmar la sentencia recurrida.*

El Juez Presidente Señor Negrón Fernández no intervino. El Juez Asociado Señor Santana Becerra se inhibió.