# 2008 DTA 80

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE SAN JUAN Y HUMACAO**
**PANEL V**

EMILIA IRIS MARTÍNEZ DÍAZ
Demandante-Apelada

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO; *"ASEGURADORA X"*;
COMISIÓN INDUSTRIAL DE PUERTO RICO; *"ASEGURADORA Y"*
Demandados-Apelados

Núm. KLAN-2007-00718

San Juan, Puerto Rico, a 4 de junio de 2008

Panel integrado por su Presidente, el Juez Arbona Lago,
el Juez Salas Soler y la Juez Velázquez Cajigas

Arbona Lago, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### Hechos:

El 1 de septiembre de 1988, la Sra. Emilia Iris Martínez Díaz (Sra. Martínez) comenzó a trabajar para la Comisión Industrial de Puerto Rico como Pagadora Auxiliar con clasificación de Oficinista I, en la Oficina Regional de Río Piedras. [1] Para el año 1989, ésta fue trasladada a la oficina de Humacao y en dicha región continuó trabajando en el puesto para el cual fue contratada originalmente.

El Lcdo. Héctor Torres Catalán (Lcdo. Torres) también trabajaba para la Comisión Industrial de Puerto Rico y para el año 1989 fue nombrado Director de la Oficina Regional de Humacao, encargado de presidir las vistas públicas. Además, era el supervisor inmediato de la Sra. Martínez.

Para el año 1992, el Lcdo. Torres comenzó un patrón de conducta hacia la Sra. Martínez, no deseada por ésta. Sin embargo, no fue hasta el año 1995 en que la Sra. Martínez informó de la situación al presidente de la Comisión Industrial y a la oficina central de dicha entidad. Luego, ante la inactividad de la Comisión Industrial, la Sra. Martínez —una vez orientada por la Comisión de Asuntos de la Mujer—, recurrió junto a otra empleada ante la División Legal de la Comisión Industrial, logrando que la agencia iniciara una investigación administrativa sobre el asunto. En ese momento no se tomó ninguna medida cautelar o preventiva, por lo que la Sra. Martínez permaneció trabajando bajo la supervisión del Lcdo. Torres.

Para el 23 de agosto de 1995, el Lcdo. Roberto Montañez Mojica, entonces Asesor Legal y Oficial de Querellas de la Comisión Industrial, rindió un informe sobre la investigación administrativa, en el que relató los hechos informados y determinó que "*aunque la demandante quisiera posponer la tramitación de la querella debido a su condición emocional y al temor de represalias por parte del querellado, la gravedad de los incidentes que ella había relatado requería que se siguiera con los procedimientos*". Ante esta situación, el 3 de octubre de 1995 se le diligenció al Lcdo. Torres la notificación de una querella administrativa en su contra.

Luego de celebradas las vistas administrativas, el examinador de la Comisión Industrial, Sr. Ernesto Lebrón González, rindió el informe final y concluyó que el Lcdo. Torres incurrió en conducta constitutiva de hostigamiento sexual en contra de la Sra. Martínez. [2]

Por otro lado, el 1 de abril de 1997, la Sra. Martínez presentó demanda ante el Tribunal de Distrito de los Estados Unidos de América para el Distrito de Puerto Rico, al amparo del Título VII de la Ley Federal de Derechos Civiles de 1964. También solicitó a dicho foro que asumiera la jurisdicción accesoria (*pendent jurisdiction*) para atender conjuntamente allí la causa estatal, bajo las Leyes de Puerto Rico Núm. 17 del 22 de abril de 1988 y Núm. 69 del 6 de julio de 1985. [3]

Posteriormente, el 19 de agosto de 2002, durante el juicio en su fondo y ante moción presentada por el ELA bajo la Regla 50 de Procedimiento Civil Federal en corte abierta, el tribunal federal desestimó sin perjuicio la causa de acción estatal, por entender que carecía de jurisdicción. Dicho foro resolvió que la Enmienda 11 de la Constitución de los Estados Unidos de América le priva de jurisdicción, en tanto y en cuanto la Comisión Industrial es parte del ente gubernamental estadual y Puerto Rico no ha consentido a ser demandado por un ciudadano ante el Tribunal Federal, respecto a un asunto de ley local. Por tanto, declinó la solicitud de la parte demandante para discrecionalmente consolidar la reclamación local con la federal. (Ap. págs. 108-124). De tal forma, la causa de acción federal (Civil 97-1465 JRT) continuó el trámite y finalmente se ventiló y adjudicó en los méritos. El 22 de agosto de 2002, un jurado rindió veredicto desfavorable a la Sra. Martínez. (Ap. pág. 69).

La Sra. Martínez presentó el 18 de agosto de 2003 una demanda ante el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI), sobre hostigamiento sexual en contra del Estado Libre Asociado de Puerto Rico

(ELA); la Comisión Industrial de Puerto Rico y la *"Aseguradora X y Y"*, fundamentada en la Ley de Puerto Rico, identificada con el alfanumérico HSCI2003-00854 (2006). Su reclamo de hechos fue esencialmente el mismo que antes presentó en el foro federal (Civil 97-1465). El ELA solicitó en varias ocasiones la desestimación de dicha causa de acción, fundamentado en torno a la doctrina de cosa juzgada e impedimento colateral por sentencia. El TPI denegó la solicitud en dos ocasiones.

Así las cosas, el hermano foro de instancia celebró juicio en su fondo y dictó sentencia en la que declaró ha lugar la demanda de la Sra. Martínez y condenó a la parte demandada pagar a la perjudicada la cantidad de $133,000.00 que representan el doble del importe de los daños causados y probados por el hostigamiento sexual, $17,000.00 en honorarios de abogado, más costas.

Inconforme, el ELA recurre en la causa del epígrafe e imputa que:

*"Incidió el Honorable Tribunal de Primera Instancia, Sala Superior de Humacao, al no desestimar la demanda de epígrafe bajo el fundamento de cosa juzgada en su modalidad de impedimento colateral por sentencia, toda vez que se desprende claramente del récord, la existencia de un dictamen federal que adjudicó los mismos hechos por los cuales la demandante-apelada reclamó compensación ante el foro estatal al amparo de las leyes que prohíben el hostigamiento sexual en nuestra jurisdicción."*

La Sra. Martínez se opuso al recurso presentado. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## Exposición y Análisis:

### I

La norma de cosa juzgada se rige por el Artículo 1204 de Código Civil, 31 LPRA § 3343, que en lo aquí pertinente reza como sigue:

*"...Contra la presunción de que la cosa jugada es verdad, sólo será eficaz la sentencia ganada en juicio de revisión.*

*Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.*

*...*

*Se entiende que hay identidad de personas siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas."*

Como se sabe, las sentencias producen dos clases de efecto: el positivo, que consiste en exigir su cumplimiento, y el negativo, que impide reproducir la contienda mediante un nuevo pleito sobre el mismo asunto. *Bolker v. Tribunal Superior*, 82 DPR 816 (1961).

La sentencia del pleito anterior surte efecto definitorio y evita el trámite posterior y repetitivo, cuando un hecho esencial para la resolución de subsiguiente controversia ya ha sido debidamente adjudicado en el primer pleito, aunque en ambos casos estén relacionadas distintas causas de acción. *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753 (1981).

Como hemos visto, para que prospere la excepción de la cosa juzgada es necesaria la concurrencia de los cuatro requisitos del Artículo 1204 del Código Civil, *supra*: A saber, *"que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron"*.

Respecto a la identidad de las personas, ha sido resuelto que la inclusión de partes adicionales a los que estaban en el pleito original no es óbice para la aplicación de la doctrina. *Ramos González v. Félix Medina*, 121 DPR 312 (1988). Es norma en esta jurisdicción que las exigencias del debido proceso de ley prohíben la implementación de la doctrina de cosa juzgada contra una parte que no participó en el primer pleito, salvo cuando haya una relación mutua (privity) contra otra. *Poll Sella v. Lugo Christian*, 107 DPR 540 (1978). Existe identidad de personas —aunque no sean físicamente las mismas que litiguen— cuando la que litiga en el segundo pleito ejercita la misma acción e invoca iguales fundamentos y se apoya en los mismos títulos que en el primero, pues entonces se trata de solidaridad jurídica.

Del mismo modo, para que prospere la defensa de cosa juzgada es necesario, además, que la sentencia dictada en el primer pleito haya sido dictada por un tribunal o agencia administrativa con jurisdicción. Una sentencia dictada sin jurisdicción *"nada significa en cuanto a los hechos que se pretendieron litigar y en consecuencia no opera como cosa juzgada (res judicata)"*. *Tartak v. Tribl. de Distrito*, 74 DPR 862, 870 (1953). *Vázquez v. A.R.P. E.*, 128 DPR 513, 536 (1991).

Es de conocimiento general que nuestra jurisprudencia adoptó la norma del impedimento colateral por sentencia como una modalidad válida de la cosa juzgada, y los criterios para su aplicación son los siguientes que: *"un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final... [y] tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas."* *A & P Gen. Contractors v. Asoc. Caná, supra*, a la pág. 762.

En cuanto al requisito de *identidad de personas o mutualidad de partes*, también le aplica la norma de la cosa juzgada dispuesta en el Art. 1204 del Código Civil, *supra*.

Como queda ya dicho, el impedimento colateral por sentencia presenta dos modalidades, la ofensiva y la defensiva. En su modalidad ofensiva impide a una parte re-litigar asuntos que previamente litigó y perdió. La modalidad defensiva impide que litigue otra vez asuntos previamente perdidos frente a otra parte. *A & P Gen. Contractors, supra*, pág. 758. Ambas modalidades comparten el denominador común de que la parte afectada por la doctrina *litigó y perdió* el asunto, en un pleito anterior. *Fatach v. Seguros Triple S, Inc.*, 147 DPR 882, 889-890 (1999).

Vemos que la doctrina de cosa juzgada y su variante, el impedimento colateral por sentencia, implican que la sentencia primero dictada impide que se litigue en un pleito posterior entre las mismas partes y sobre la misma causa de acción las cuestiones ya tratadas y adjudicadas, así como aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la primera acción. *Pagán Hernández v. U.P.R.*, 107 DPR 720, 733 (1978); *Díaz v. Navieras de P.R.*, 118 DPR 297 (1987).

*"En términos generales, puede afirmarse que la regla de cosa juzgada está fundada en consideraciones de orden público y necesidad. Por un lado, el interés del Estado en que se le ponga fin a los litigios, que no se eternicen las cuestiones judiciales... y en la conveniencia de dar la debida dignidad a los fallos de los tribunales... y por otro lado, la deseabilidad de que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa"*. *A.A.A. v. Beléndez*, 98 DPR 516, 521 (1970). Esta norma está *"rodeada de interés público, y se dirige a conservar la paz privada, Cintrón v. Yabucoa Sugar Co., 54 DPR 518 (1939), a evitar que se eternicen las controversias judiciales, Mun. de Arecibo v. Almac. Yakima, 154 DPR 217, 222-223 (2001); Dávila v. Hosp. San Miguel, Inc., 117 DPR 807, 816 (1986), y se funda en la conveniencia de dar la*

*debida dignidad a las actuaciones de los tribunales.... [L]a defensa de res judicata puede invocarse aunque los fundamentos de la sentencia sean erróneos, siempre que se hubiera dictado con jurisdicción y en ausencia de fraude". Bolker v. Tribunal Superuior, 82 DPR 816,832-834 (1961). Lausell Marxuach v. Díaz de Yáñez, 103 DPR 533, 536-537 (1975).*

Nuestra jurisprudencia, en varias ocasiones, ha tenido la oportunidad de analizar y aplicar la cosa juzgada al ámbito inter-jurisdiccional y, en lo aquí pertinente, dispuso que:

*"1) en situaciones en que se trate de sentencias previas dictadas por tribunales federales que han asumido jurisdicción fundamentados en diversidad de ciudadanía, la doctrina estatal de cosa juzgada es la que gobierna. Díaz v. Navieras de P.R., 118 D.P.R. 297 (1987)*

*2) las normas federales de cosa juzgada aplican cuando se trata de un dictamen federal acerca. de una cuestión federal. Ramos González v. Félix Medina, 121 D.P.R. 312 (1988)*

*3) si la parte demandante no le solicita al tribunal federal que asuma jurisdicción accesoria (pendent jurisdiction) sobre la reclamación estatal, la sentencia federal que en su día recaiga podría tener el efecto de cosa juzgada.*

*4) si a pesar de haber hecho la reclamación estatal, el tribunal federal decide no entender en la misma o está impedido de hacerlo, la sentencia federal no constituiría cosa juzgada en relación con el reclamo estatal. Ramos González v. Félix Medina, supra.*

*5) tanto bajo las normas federales como bajo las de Puerto Rico, se considerará cosa juzgada no sólo las cuestiones litigadas y adjudicadas, sino también aquellas que pudieron haberse litigado y adjudicado con propiedad aun cuando no fueron planteadas.*

*6) en relación con la desestimación de una acción, tanto bajo la doctrina de cosa juzgada nuestra como bajo la federal, se exige, para que ésta sea aplicable, que tal desestimación haya sido en los méritos.*

*7) un cambio en la teoría del caso, o el hecho de que se pretenda reclamar un derecho bajo una ley distinta, no afecta la aplicación de la doctrina.*

*8) tampoco afecta el que los fundamentos de la sentencia previa sean erróneos.*

*9) también, en ambas jurisdicciones, una desestimación por falta de jurisdicción no es una adjudicación en los méritos; mientras que la decisión de un caso en rebeldía sí lo es." Díaz Maldonado v. Lacot, 123 D.P.R. 261, 272-275 (1989)*

No obstante, hay que tener presente que el Tribunal Supremo de Puerto Rico no sólo ha reiterado, sino que ha sido enfático en cuanto a la flexibilidad de la cosa juzgada y en cuanto que su aplicación no es automática ni absoluta. A tal tenor se ha resuelto que:

*"los tribunales se han negado a aplicar en forma inflexible la defensa de cosa juzgada **cuando hacerlo derrotaría los fines de la justicia, especialmente si hay envueltas consideraciones de orden público.** (Citas Omitidas)... Según se ha expresado, la doctrina descansa en el principio básico de que debe propiciarse la terminación de ´litigios, pero si la aplicación rigurosa de la misma derrotaría en la práctica un derecho permeado en alguna forma del interés público, los tribunales se inclinan hacia la solución que garantice cumplida justicia, en lugar de favorecer en forma rígida una ficción de ley que obedece fundamentalmente a un principio de conveniencia y orden procesal. Universal Const. Co. v. City of Fort Lauderdale, 68 So.2d 366 (Fla.*

*1953). En otras palabras, la regla no es absoluta y debe siempre considerarse conjuntamente con el saludable principio de que debe dispensarse justicia en cada caso." (Cita Omitida).* (Énfasis nuestro) *Pérez v. Bauzá*, 83 D.P.R. 220, 226 (1961)

## II

Es de conocimiento general que el hostigamiento sexual es un mal social que también permea el ámbito laboral. Con el fin de erradicar esta conducta tan perjudicial y denigrante, nuestros legisladores aprobaron la Ley Núm. 17 del 22 de abril de 1988, según enmendada, 29 LPRA § 155, *et seq.* En protección de la dignidad humana, la legislación declara como política pública del Estado Libre Asociado de Puerto Rico *"...que el hostigamiento sexual en el empleo es una forma de discrimen por razón de sexo y como tal constituye una práctica ilegal e indeseable que atenta contra el principio constitucional establecido de que la dignidad del ser humano es inviolable...".* Artículo 1 de la Ley 17, *supra.* [4]

En *Rodríguez Meléndez v. Sup. Amigo, Inc.*, 126 DPR 117, 135 (1990), se indicó que *"la prohibición contra el hostigamiento sexual en el empleo es una cuestión que responde a política pública de raigambre constitucional y debe ser examinada rigurosamente por los tribunales. Así su fiel adjudicación requiere un análisis detenido y cuidadoso de los hechos, pues están involucrados factores humanos relativos a actitudes, conductas, móviles, sentimientos y otros, que difícilmente pueden precisarse a menos que se ventilen en un juicio plenario."* Véase también *Soto v. Hotel Caribe Hilton*, 137 DPR 294, 301 (1994).

**Igualmente, se estableció que las reclamaciones que están relacionadas al discrimen están revestidas de un alto interés público.** *Soto v. Hotel Caribe Hilton, supra,* a la pág. 306. Por lo tanto, es razonable concluir que ante la determinación de que el hostigamiento sexual es una modalidad del discrimen por sexo, las reclamaciones al amparo de dicha legislación también están salvaguardadas por un alto interés público.

En el presente caso, el ELA nos señala que el TPI erró al no desestimar la demanda por ser de aplicación la norma de la cosa juzgada en su modalidad de impedimento colateral por sentencia. No tiene razón; veamos:

Surge claramente que en caso de autos no existe controversia en que la Sra. Martínez —ante reiterados actos de hostigamiento sexual por parte de su supervisor, el Lcdo. Torres—, presentó demanda contra la Comisión Industrial de Puerto Rico y luego ante el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico. También solicitó que dicho foro federal asumiera jurisdicción sobre la reclamación al amparo de la legislación local.

Tampoco existe controversia en que dicho foro federal y a solicitud del ELA se **desestimó sin perjuicio la causa de acción local**, por entender el Tribunal que ante tales circunstancias de ley local y demandante local, carecía de jurisdicción sobre el ELA. No obstante, la causa de acción bajo las leyes federales fue ventilada y adjudicada en los méritos por un jurado, el cual rindió veredicto desfavorable hacia la Sra. Martínez.

Posteriormente, la Sra. Martínez presentó demanda en el foro local contra el ELA, la Comisión Industrial y varias aseguradoras, cuyo reclamo fue prácticamente el mismo que el antes presentado ante el tribunal federal, aunque ahora sólo predicado en ley local.

No cabe duda que los hechos de la presente causa de acción son los mismos en que se tramitó la causa que fue desestimada por el foro federal. Resulta también indiscutible que un hecho esencial para el pronunciamiento de la sentencia que en su día recaería en el TPI —ausencia de conducta hostigante—, ya fue resuelto por un tribunal con jurisdicción; que tal sentencia advino final y firme y que dicho pronunciamiento puede ser tratado como concluyente en este segundo pleito, entre las mismas partes, aunque predicado en distinta fuente de derecho.

Por lo tanto, se puede concluir que en el presente caso, en efecto, le aplica la cosa juzgada en su modalidad de

impedimento colateral por sentencia. Sin embargo, atendiendo que el sistema judicial no puede abdicar de su deber primordial de hacer justicia, el ilustrado foro de instancia optó por no valerse de la norma de la cosa juzgada en su modalidad de impedimento colateral en esta causa y procedió el trámite de la causa HSCI 2003-00854 hasta su conclusión por sentencia. No debemos intervenir con tal dictamen.

Como expresamos, los casos, cuya controversia versa sobre consideraciones de discrimen u hostigamiento sexual, están revestidos del más alto interés público y la reiterada norma de que la cosa juzgada y su variante, el impedimento colateral por sentencia, no son inflexibles ni su aplicación absoluta o automática. Ello puede descartarse ante situaciones extremas, como la presente. En pleitos o controversias de alto interés público, o cuando su aplicación acarrearía una grave y latente injusticia.

Al examinar y evaluar el expediente de autos, nos llamó poderosamente la atención que en el proceso administrativo ante la Comisión Industrial, el oficial examinador encontró y determinó que el Lcdo. Torres, en efecto, incurrió en conducta constitutiva de hostigamiento sexual en contra de la Sra. Martínez. Este suceso constituyó un elemento importante para la decisión que hoy tomamos. Dicha situación es indicativa de que despojar a la Sra. Martínez de su derecho a indemnización, por los actos de hostigamiento sexual de los cuales ésta fue objeto, constituiría una lacerante injusticia e iría en contra la mejor garantía del orden público.

Recordemos también que el tribunal federal categóricamente dispuso que desestimaba **sin perjuicio** la causa de acción local, fundada en la legislación de Puerto Rico, lo que refleja una clara intensión y disposición de que ésta se dilucidara ante nuestros tribunales. Precisamente, tal bifurcación de fundamento para reclamar ocurrió a petición del ELA, en moción dispositiva bajo la Regla 50 del ordenamiento procesal civil federal. Ante dicha determinación, resulta claro que el foro federal no adjudicó en los méritos la reclamación bajo la legislación del ELA, por lo que dejaba la misma para su eventual adjudicación ante el foro local, tal y como entonces lo pidió el ELA. De la transcripción de la vista del 19 de agosto de 2002, ante el Hon. Juan R. Torruella (Ap., págs. 108-124), no podemos concluir que el ELA interesaba que la causa de acción reclamada por la Sra. Martínez al amparo de las Leyes del ELA Núm. 17, 22 de abril de 1988, Núm. 69, 6 de julio de 1985, como *pendent jurisdiction*" ante el foro federal, fuera excluidas de dicho proceso, sólo para que fueran también luego consideradas cosa juzgada ante nuestro foro, ello equivaldría a una desestimación **con perjuicio**, que el ELA no obtuvo ni podía pretender obtener ante un foro que se declara sin jurisdicción sobre dicha causa de acción.

Todo lo antes declarado abona a la conclusión de que no erró el TPI al no aplicar la norma de cosa juzgada en su modalidad de impedimento colateral por sentencia, ante los hechos y circunstancias específicas de esta causa y en consecuencia procedió dilucidar la controversia en sus méritos.

### Dictamen

Por los fundamentos antes esbozados, confirmamos el dictamen apelado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2008 DTA 80

1. Luego de tres años de estar laborando en la Comisión Industrial, el patrono le entregó a la Sra. Martínez copia de la orden administrativa titulada Prohibición de Hostigamiento Sexual en el Empleo. Cabe mencionar que ésta nunca recibió ni participó en adiestramientos, charlas o seminario alguno que la instruyera en lo que constituye un ambiente hostil en el trabajo ni sobre lo que constituye una conducta de hostigamiento sexual en el empleo.

**2.** Es menester señalar que paralelamente al proceso administrativo interno de la Comisión Industrial, la Sra. Martínez presentó, el 29 de agosto de 1995, querella ante la Unidad Antidiscrimen del Departamento del Trabajo de Puerto Rico, contra la Comisión Industrial.

**3.** A pesar de que la Sra. Martínez, en su demanda ante el foro federal, utiliza el término *supplemental jurisdiction,* nosotros emplearemos el vocablo jurisdicción accesorio o *pendent jurisdiction*, por ser éste el vocablo utilizada por nuestro Tribunal Supremo.

**4.** Nuestra jurisprudencia también expresó que no albergaba duda alguna de que el hostigamiento sexual se considera una modalidad del discrimen por sexo, el cual está proscrito por la Ley Núm. 100 del 30 de junio de 1959, según enmendada, 29 LPRA 146-151. *Rodríguez Meléndez v. Sup. Amigo, Inc.*, 126 DPR 117, 124 (1990).